UNITED STATES of America, Appellee,

v.

Eduardo PAYERO,
Defendant, Appellant.

No. 89–1117.

United States Court of Appeals,
First Circuit.

Heard Sept. 13, 1989.

Decided Nov. 6, 1989.

Greg T. Schubert, Worcester, Mass., with whom Mark J. Kolber, and Bozenhard, Socha, Ely & Kolber, West Springfield, Mass., were on brief, for defendant, appellant.

Dina Michael Chaitowitz, Asst. U.S. Atty., with whom Wayne A. Budd, U.S. Atty., Boston, Mass., was on brief, for appellee.

Before TORRUELLA, SELYA and MAYER,* Circuit Judges.

TORRUELLA, Circuit Judge.

On November 18, 1988, a jury found Eduardo Payero guilty of carrying a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1) (1982 & Supp.1989). We affirm the conviction.

Acting pursuant to information received from a confidential informant, on May 19, 1987, Massachusetts State Police trooper Pehr Bradford Holmes posed as a cocaine buyer at a meeting with the defendant, Payero. After some discussion, Payero agreed to sell Holmes four ounces of cocaine on May 21, 1989, and told the officer that he had a pistol permit and was always armed.

On May 21st, Holmes telephoned Payero at work and the two confirmed a 5:30 p.m. meeting. When Holmes arrived at the appointed place, Payero brought a jacket containing cocaine to Holmes' vehicle, and sat in the passenger seat. Two packets of cocaine were subsequently weighed. Upon

* Of the Federal Circuit, sitting by designation.

a pre-arranged signal, a police backup team moved in to arrest Payero.

Officer John J. Fitzgibbon, Jr., the arresting officer, opened the passenger door of Holmes' car, pointed his gun at Payero, informed him that he was under arrest, and then ordered him to exit the vehicle. Fitzgibbon placed his left hand on Payero's right shoulder, whereupon Payero moved to his left, toward the center of the car. The officer reholstered his gun and then pulled Payero out of the car. There was a struggle, during which Payero kept making leftward movements. After finally being restrained over the trunk of the car, a semi-automatic pistol was found tucked in the left rear waistband of Payero's trousers.

The statute under which Payero was charged provides that:

> Whoever, *during and in relation to* any crime of violence or drug trafficking crime ... for which he may be prosecuted in a court of the United States, uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime, be sentenced to imprisonment for five years....

18 U.S.C. § 924(c)(1) (1982 & Supp.1989) (emphasis added). The sole issue on appeal was whether the trial court correctly and adequately instructed the jury with respect to the "during and in relation to" element the statute.

In its jury charge, the court instructed that:

> the government must prove beyond a reasonable doubt that the firearm had some relation to or some connection with an underlying crime. *Mere possession of a weapon is not enough* to find the defendant guilty here. Rather, *the government must prove that the firearm facilitated the drug trafficking crime in some way.*
>
> There are many ways a firearm could facilitate a drug trafficking crime. For example, this element is satisfied if the evidence shows that the firearm gave the defendant the courage to engage in the drug deal because he had the opportunity or ability to display or discharge the weapon to protect himself, or intimidate others, if he believed the circumstances warranted such action, whether or not such display or discharge in fact occurred.
>
> Similarly, evidence that the firearm was an integral part of the drug trafficking crime in the sense that the defendant intended the firearm to safeguard or protect his possession of the drugs or the proceeds from the drug sale, whether or not the defendant in fact had the opportunity to brandish or display the firearm, supports a conviction for this crime.
>
> Evidence that the defendant had a gun in his waistband or pocket, but did not display it or refer to it, also may support a conviction for this offense if from the circumstances, you find that the defendant intended to use the firearm, if a contingency arose potentially requiring its use, or that he intended to use it to possibly facilitate an escape, should the need arise.

This instruction is explicitly supported by the legislative commentary describing the 1984 amendment to 18 U.S.C. § 924(c)(1) which added the "during and in relation to" language:

> Evidence that the defendant had a gun in his pocket but did not display it, or refer to it, could nevertheless support a conviction for "carrying" a firearm in relation to the crime if from the circumstances or otherwise it could be found that the defendant intended to use the gun if a contingency arose or to make his escape.

 In light of this clearly expressed legislative intent, as well as established case law from other circuits, we hold that a conviction will be sustained under the statute if the possessor of a weapon intended to have it available for possible use during or immediately following the transaction, or if it facilitated the transaction by lending courage to the possessor. The defendant's sole purpose in carrying the weapon need not have been facilitation of the drug trafficking crime. *E.g., United States v. Brockington*, 849 F.2d 872 (4th Cir.1988); *United States v. Feliz–Cordero*, 859 F.2d

**930**

250, 254 (2d Cir.1988); *United States v. Stewart*, 779 F.2d 538, 540 (9th Cir.1985). Moreover, even if the judge's instruction had not been adequate, Payero failed to make this objection at trial, and is consequently precluded from making the objection on appeal by Fed.R.Crim.P. 30.

■ The defendant next complains that he was entitled to have the defense theory that he was innocently carrying the gun, much as other people normally carry a wallet presented to the jury. He argues both that he was deserving of an instruction highlighting this theory, and that the examples given by the district court illustrating circumstances which would support a conviction were impermissibly one-sided, and therefore failed to adequately present his theory to the jury. We reject both contentions.

A criminal defendant is entitled to a jury instruction on any theory constituting a legal defense to the charges against him only if there is evidence in the record which supports such a theory. *See United States v. Silvestri*, 790 F.2d 186, 192 (1st Cir.), *cert. denied*, 479 U.S. 857, 107 S.Ct. 197, 93 L.Ed.2d 129 (1986); *United States v. Creamer*, 555 F.2d 612, 616 (7th Cir.1977). The "wallet" argument was made by defense counsel only during his opening statement, and since no evidence supporting the theory appears in the record, it was not error for the district court to refuse to instruct the jury on it. Moreover, the fact that the court gave examples illustrating only circumstances which would lead to conviction is immaterial if, as we find here, it was made clear that mere possession of the weapon was not sufficient. Furthermore, Fed.R.Crim.P. 30 makes both of these objections impermissible because, once again, they were made for the first time on appeal.

■ Finally, the district court did not err by failing to use the language of defendant's proposed instruction. The district court has discretion to word its instructions as it deems appropriate, and is not bound by the phrasing of either party, so long as the law and issues are correctly cited. *E.g., United States v. Ladd*, 885 F.2d 954,

961 (1st Cir.1989); *United States v. Bosby*, 675 F.2d 1174 (11th Cir.1982); *United States v. Rajewski*, 526 F.2d 149 (7th Cir.), *cert. denied*, 426 U.S. 908, 96 S.Ct. 2231, 48 L.Ed.2d 833 (1976).

*Affirmed.*