USCA1 Opinion

 

 June 2, 1992 ____________________ No. 91-2301 UNITED STATES OF AMERICA, Appellee, v. RONALD J. PLUMMER, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. D. Brock Hornby, U.S. District Judge] ___________________ ____________________ Before Cyr, Circuit Judge, _____________ Campbell, Senior Circuit Judge, ____________________ and Fuste,* District Judge. ______________ ____________________ Marvin H. Glazier with whom Vafiades, Brountas & Kominsky was on _________________ ______________________________ brief for appellant. F. Mark Terison, Assistant United States Attorney, with whom ________________ Richard S. Cohen, United States Attorney, was on brief for the United _________________ States. ____________________ ____________________ ____________________ *Of the District of Puerto Rico, sitting by designation. CAMPBELL, Senior Circuit Judge. Defendant, Ronald ____________________ Plummer, appeals from his conviction after a bench trial in the United States District Court for the District of Maine for using and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. 924(c)(1).1 His sole argument on appeal is that the evidence was insufficient to support his conviction. We affirm. I. I. In February 1991, pursuant to a police investigation, confidential informant Paul Kinney arranged to purchase cocaine from defendant on behalf of an interested buyer. While defendant had known Kinney for six years, he had never met or dealt with the buyer for whom Kinney was allegedly making the purchase. Initially, defendant agreed to bring the drugs to Kinney's door where he would receive payment. At some point, however, defendant told Kinney that he would not be able to procure any cocaine and that he could only provide marijuana. While Kinney accepted this, he told defendant that the buyer was rather upset as he had driven ____________________ 1. Defendant was also charged with distribution of marijuana, in violation of 21 U.S.C. 841(a)(1) and with possession of a firearm after having been convicted of a felony, in violation of 18 U.S.C. 922(g)(1) & 924(a)(2). He pled guilty to these two counts and was tried only for using and carrying a firearm during and in relation to a drug trafficking crime. As to this count, defendant waived his right to a jury trial. -2- several miles to make this deal. After the cocaine deal fell through, defendant was apparently reluctant to deliver the marijuana directly to Kinney's house. Taped conversations revealed that defendant tried to get Kinney to meet him at a store. Upon cross-examination, defendant admitted that he did not want to go anywhere near the unknown buyer after the cocaine deal fell through. Eventually, defendant agreed to drive to Kinney's residence and wait for Kinney to come out to make the purchase. On February 27, 1991, defendant, while sitting in his automobile, sold a quarter pound of marijuana to Kinney for $750. At the time of the sale, Kinney was standing outside of the car on the driver's side. After defendant was arrested, Agent William Keegan noticed a fully functioning Titan Tiger, .38 caliber revolver tucked into the front seat of the car "sitting against the back of the seat directly where the driver would sit." The gun was in an unsnapped holster with the barrel end down. While the gun was not loaded, Keegan found a .38 caliber cartridge in the console on the transmission hump. Keegan testified that the cartridge could be used in the handgun that was found and that it appeared to be a live cartridge. He further testified that both the gun and the cartridge were within easy reach of defendant and "immediately accessible." -3- After administering Miranda warnings and receiving a written waiver of rights, Agent Peter Arno questioned defendant about the gun. Arno testified that defendant said he had the weapon for approximately one week and that Norman Allen had given it to him "to hold." Arno testified further that defendant had told him that the gun "was in the driver's seat behind his back." Later, at trial, defendant testified that he never touched or moved the gun after Allen placed it in the car he simply "left it in the vehicle" and that the gun was on the passenger seat next to him as opposed to behind him. He also testified that he did not know there was a bullet in the car and that he had no idea how it might have gotten there. Norman Allen confirmed defendant's testimony that he was the owner of the gun and that he had given it to defendant to hold. Allen testified that he tucked the gun between the driver's seat and passenger seat of defendant's car with "the barrel end of the gun just into the seat a little bit." He denied having placed the gun where the driver would sit. When asked if he had given defendant any ammunition, Allen replied that he "most certainly did not." He further testified that he and defendant were "[n]ot really" good friends. After hearing all the testimony and reviewing the parties' briefs the district court found defendant guilty beyond a reasonable doubt. This appeal followed. -4- II. II. Defendant's only argument on appeal is that the evidence was insufficient to support his conviction for carrying a firearm during and in relation to a drug trafficking crime. The statute under which defendant was convicted provides in pertinent part that [w]hoever, during and in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime, be sentenced to imprisonment of not more than 5 years . . . . 18 U.S.C. 924(c)(1). To establish defendant's guilt under this statute, the government needed to prove beyond a reasonable doubt (1) that the firearm at issue was "related to" or played a role in an underlying drug crime; and (2) that the defendant "used" or "carried" the firearm. United ______ States v. Torres-Medina, 935 F.2d 1047, 1048-49 (9th Cir. ______ _____________ 1991). Defendant concedes that the presence of the gun in his vehicle was sufficient to establish the second element of the crime -- that he "carrie[d] a firearm." See United ___ ______ States v. Eaton, 890 F.2d 511, 512 (1st Cir.), cert. denied, ______ _____ ____________ 495 U.S. 906 (1989). Defendant argues, however, that the evidence was insufficient to establish the first element of the crime that he carried the gun "in relation to" the drug trafficking crime for which he was convicted. According to defendant, the gun was not loaded, it remained in its -5- holster and he neither brandished it nor made any movement toward it. Furthermore, defendant contends that the record is devoid of evidence that the informant expected defendant to have a gun or that defendant exhibited fear during his conversations with the informant. Rather, defendant argues, the evidence was uncontroverted that, one week earlier, Norman Allen placed the gun in defendant's vehicle for defendant to hold. The government's evidence, defendant asserts, does nothing more than establish that the gun was in his possession at the time he committed the drug trafficking offense. Mere possession of a gun during the course of criminal conduct will not support a conviction, United States _____________ v. Payero, 888 F.2d 928, 929 (1st Cir. 1989). ______ III. III. In assessing a challenge to the sufficiency of the evidence, this court looks to the evidence as a whole, including reasonable inferences drawn from it, in the light most favorable to the verdict, to determine whether a rational trier of fact could have found the defendant guilty beyond a reasonable doubt. United States v. Batista-Polanco, _____________ _______________ 927 F.2d 14, 17 (1st Cir. 1991). The evidence may be entirely circumstantial and the factfinder may choose among reasonable interpretations of it. Id. Moreover, all issues ___ of credibility must be resolved in favor of the verdict. United States v. Passos-Paternina, 918 F.2d 979, 983 (1st ______________ ________________ -6- Cir. 1990), cert. denied, 111 S. Ct. 1637 and cert. denied, ____________ ___ ____________ 111 S. Ct. 2809 (1991). Viewing the evidence in the light most favorable to the verdict, we believe that the evidence was sufficient to allow a rational trier of fact to conclude that defendant was guilty beyond a reasonable doubt. In United States v. ______________ Payero, this court stated that "a conviction will be ______ sustained under the statute if the possessor of a weapon intended to have it available for possible use during or immediately following the transaction, or if it facilitated the transaction by lending courage to the possessor. The defendant's sole purpose in carrying the weapon need not have been facilitation of the drug trafficking crime." Payero, ______ 888 F.2d at 929. It could reasonably be inferred that the gun found here in defendant's car was intended by him to be available for possible use or otherwise to facilitate the transaction. There was evidence that defendant had moved the gun. Agent Keegan testified that the gun was found "sitting against the back seat directly where the driver would sit." Norman Allen who allegedly gave the gun to defendant "to hold" however, testified that when he gave the gun to defendant, he placed it between the driver's seat and the passenger seat. There was also evidence that defendant was nervous about the drug transaction because of the unknown buyer and the fact that the cocaine deal fell through. -7- Finally, a bullet, usable in the gun, was found in defendant's car easily accessible to the driver. Allen testified that he never gave defendant any ammunition for the gun. He further testified that he and defendant were "not really" good friends. From this evidence the district court judge drew the following inferences: I draw the clear inference from these circumstances and beyond a reasonable doubt that the weapon facilitated his involvement in trafficking by being visible and available and strategicly [sic] located so as to be quickly and easily available. I do not find that he could have forgotten its location there. It was there every time he got in and out. I do not have to find, in order to find him guilty, that it was in the car solely to facilitate the Kinney transaction. If the weapon had no role or advantage, it would have been a simple matter to have removed it from the car . . . . It is sufficient in this case for it to have been there strategically located, easily accessible, visible and available. The district court's conclusions were not unreasonable.2 It was certainly reasonable to believe that a person who while ____________________ 2. The Assistant United States Attorney conceded during argument that the court's finding that the weapon was "visible" was probably incorrect. There was no evidence Kinney saw it while defendant, before his arrest, was sitting in the car. But we agree with the Assistant United States Attorney that whether or not the revolver was then visible was immaterial. It was, in any event, as the court found, "strategically located, easily accessible, . . . and available." -8- undertaking a risky drug transaction keeps a gun in a prominent, accessible and awkward place in his car (behind his back), and who also keeps an easily accessible bullet for the gun in his car, is carrying the gun in relation to the drug transaction. It is true the gun was not loaded, it was never brandished and Norman Allen corroborated defendant's claim that the gun belonged to him and that he had placed it in the car for defendant to hold. But these facts were not determinative of whether or not the necessary nexus to the drug transaction had been established. All that was necessary under the statute was that the "circumstances of the case show that the firearm facilitated or had a role in the crime, such as emboldening an actor who had the opportunity or ability to display or discharge the weapon to protect himself or intimidate others, whether or not such display or discharge in fact occurred. . . ." United States _____________ v. Rosado, 866 F.2d 967, 970 (7th Cir.), cert. denied, 493 ______ ____________ U.S. 837 (1989); Payero, 888 F.2d at 929. While the facts ______ may permit other inferences, the factfinder is entitled to choose among reasonable interpretations of the evidence. Batista-Polanco, 927 F.2d at 17; see also United States v. _______________ _________ _____________ Hilton, 894 F.2d 485, 487 (1st Cir. 1990) (the prosecution ______ "need not exclude every reasonable hypothesis of innocence so long as the total evidence permits a conclusion of guilty -9- beyond a reasonable doubt."). "Ultimately, whether or not the gun[] helped appellant commit the drug crime is a matter for a [trier of fact] applying common sense theories of human nature and causation." United States v. Wilkinson, 926 F.2d _____________ _________ 22, 26 (1st Cir.), cert. denied, 111 S. Ct. 2813 (1991). _____________ Moreover, "assessing the credibility of witnesses is solely the province of the trier of fact." United States v. Green, _____________ _____ 887 F.2d 25, 28 (1st Cir. 1989) (citation omitted). Finding no error in the district court's finding that defendant carried the gun in relation to the drug trafficking crime, we affirm defendant's conviction. Affirmed. ________ -10-