**UNITED STATES of America, Plaintiff,**

v.

**Arturo REYES DIAZ, Defendant.**

**Crim. No. 91–329 (JP).**

United States District Court,
D. Puerto Rico.

Aug. 24, 1992.

Ernesto Hernández, Asst. U.S. Atty., Hato Rey, P.R., for plaintiff.

José A. Fuentes Agostini, San Juan, P.R., for defendant.

## ORDER

PIERAS, District Judge.

In order to resolve the issue of whether the government has presented sufficient evidence to prove that the defendant "used or carried" a firearm "during and in relation to a ... drug trafficking crime" pursuant to 18 U.S.C. § 924(c)(1), we must closely examine the factual contexts of the relevant case law. In all the cases cited by both the government and the defendant, the "nexus to the drug transaction" standard was applied to factual scenarios wherein the weapon was found at or near the location of the actual drug transaction where the defendant was apprehended.

■ In the instant case, the defendant was arrested at Luis Muñoz Marin airport when he attempted to abscond with a suitcase of heroin, for which he had paid an undercover agent to retrieve from the airport personnel. He had no weapon upon his person, nor did he bring a weapon in the automobile in which he arrived at the airport for the drug transaction. When federal agents later searched the apartment the defendant shares with his common-law wife, he was not present. Thus the firearms were discovered at a time when the defendant had no conceivable access to them.

In *United States v. Castro–Lara,* 970 F.2d 976, 983 (1st Cir.1992), the defendant was apprehended in his car, at the scene of a drug pickup, with a gun inside the car's

trunk. The First Circuit held that the location of the gun at a place where drugs were to be delivered during the transaction in which the defendant was arrested, supported the finding that the firearm was "available for use" during and relation to the drug trafficking crime.

In *United States v. Wight*, 968 F.2d 1393 (1st Cir.1992), the weapon was located underneath some newspapers behind the two front seats of the van in which the defendant rode to meet the undercover agent for the drug transaction.

In *United States v. Plummer*, 964 F.2d 1251 (1st Cir.1992), during the relevant drug transaction, the defendant kept the unloaded weapon behind his back and kept an easily accessible bullet in his car. The First Circuit held that the circumstances of the case showed that the firearm facilitated or had a role in the crime, such as emboldening an actor who had the opportunity or ability to display or discharge the weapon to protect himself or intimidate others.

In *U.S. v. Hadfield*, 918 F.2d 987 (1st Cir.1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 2062, 114 L.Ed.2d 466 (1991), upon a complaint that the defendant had discharged a firearm illegally, police officers executed a search warrant of the defendant's residence. When informed that the defendant was not in the house, but next door in the barn, the officers entered the barn and discovered vast amounts of marijuana being processed and an arsenal of firearms. The firearm was found to facilitate the narcotics enterprise in this "drug fortress" case because, the defendant knew that the gun was nearby and intended it to be available for use in connection with the predicate offense, *at the time the defendant was arrested.*

In *U.S. v. Payero*, 888 F.2d 928 (1st Cir.1989), the pistol was found tucked in the rear waistband of the defendant's trousers at the time of the drug transaction for which he was arrested. The First Circuit specifically stated the following:

> [T]he legislative commentary describing the 1984 amendment to 18 U.S.C. § 924(c)(1) which added the "during and in relation to" language [provides that] Evidence that the defendant had a gun in

his pocket but did not display it, or refer to it could nevertheless support a conviction for "carrying" a firearm in relation to the crime if from the circumstances or otherwise it could be found that the defendant intended to use the gun if a contingency arose or to make his escape.

It is clear from the cases which have just been summarized, that the objective of § 924(c)(1) is to penalize drug transactions which could easily escalate into violence. Such is not the situation at hand. It may be true that the firearms were located at the apartment for the purpose of protecting a drug business which was admittedly conducted in the apartment, but the mere presence of firearms is not sufficient for a conviction, for there must be a nexus between the firearm and the facilitation of the transaction at issue. The defendant did not arrange to meet the undercover agent at the apartment—they met at the airport. At the time of the search the apartment was vacant and no drug business was being conducted. There are other firearm statutes whose purpose it is to deter the possession of firearms without a permit, § 924(c)(1) was not drafted for that purpose.

██ Even though the defendant has also been charged with a conspiracy to distribute a controlled substance, the existence of such a conspiracy is not sufficient to support a conviction for a firearm which was not proven to be part of the commission of the felony. *See United States v. Pietri*, 683 F.2d 877 (5th Cir.1982) (sufficient evidence to support conviction where conspirators met with undercover agent with revolver concealed in pant leg).

Wherefore, in view of the foregoing, the Court hereby FINDS that there is insufficient evidence for convictions as to Counts 6, 7, and 8 which are the firearms counts. The defendant, who did not contest his guilt as those counts directly involving controlled substances, is hereby found GUILTY as to Counts 1, 2 and 5.

IT IS SO ORDERED.