988 F.2d 125
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Chad PARRIS, Defendant-Appellant.
 No. 92-30036.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 5, 1993.*
Decided Feb. 10, 1993.
 
 Appeal from the United States District Court for the District of Idaho; No. CR-91-00037-EJL, Edward J. Lodge, District Judge, Presiding.
 D.Idaho
 AFFIRMED.
 Before TANG, KOZINSKI and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 I. Defendant Chad Parris first challenges the sufficiency of evidence to convict him under 18 U.S.C. § 924(c)(1), using or carrying a firearm in relation to any drug trafficking crime. Parris did not move for a judgment of acquittal at trial, but we may still "review the sufficiency of evidence ... to prevent a manifest miscarriage of justice or for plain error." United States v. Mora, 876 F.2d 76, 77 (9th Cir.1989).
 
 
 3
 The location of both guns strongly suggested they were used in relation to drug trafficking. United States v. Torres-Medina, 935 F.2d 1047, 1049-50 (9th Cir.1991). The sawed-off shotgun was found within arm's reach of a work bench where the evidence showed that crack cocaine had been cut and cooked, R.T. at 40 (summarizing drug-related items that were found in the shed), and the shed in which the gun was found was fitted with a peep-hole and gun port that would have accommodated use of the shotgun to guard the shed from inside, id. at 44-45. The loaded .41 caliber pistol was found in the same roll top desk where the police found several implements of cocaine distribution: weighing scales; spoons and sifting containers with white residue on them; several bottles of anethol powder, a common cutting agent for cocaine; drug ledgers and other documents describing the defendant's drug business; and "brag photos" showing abundant evidence of the defendant's dealing in drugs. Id. at 84, 87-88, 97-106. Though defendant argued the gun was intended to protect his family, its close proximity to an ounce of cocaine and other drug paraphernalia supported the inference that it was used in relation to the drug trafficking crime. See Torres-Medina, 935 F.2d at 1049.
 
 
 4
 Moreover, that the shotgun was sawed off--making it more lethal at close range--was evidence of its use in relation to drug trafficking. See id. at 1050 (a firearm plays a role in the offense by simply emboldening the defendant to act); see also United States v. Stewart, 779 F.2d 538, 540 (9th Cir.1985) (a firearm emboldens the defendant when it allows him to intimidate others). At trial, a detective specializing in narcotics testified that the shotgun had "been very crudely cut off at the top of the barrel and a homemade aiming dotter button ha[d] been installed at the top," R.T. 43, which made it useful for one thing only--frightening and killing people, id. at 43-45. The detective testified that sawed-off shotguns were common tools of the narcotics trade. Id. at 44-45. Under these circumstances, where a sawed-off shotgun and a .41 caliber pistol are found near drugs and drug trafficking paraphernalia, a jury could reasonably find both guns had a role in facilitating the drug business. See Torres-Medina, 935 F.2d at 1049-50. Thus, there is no miscarriage of justice or plain error.
 
 
 5
 II. Parris also raises two challenges to jury instruction number 9, which instructed on the elements of 18 U.S.C. § 924(c)(1). He argues that the district judge erred by instructing that the government had to prove the following elements:
 
 
 6
 1. On or about April 9, 1991, the Defendant committed the crime of possession with intent to distribute or dispense cocaine, as charged in Count I of the indictment; and
 
 
 7
 2. The Defendant knowingly used a firearm during and in relation to the drug crime.
 
 
 8
 Defendant's Brief at 15-16. Relying on United States v. Phelps, 877 F.2d 28, 30 (9th Cir.1989), Parris argues that the district court improperly collapsed two distinct elements of section 924(c)(1)--that the firearm at issue was "related to" or played some role in the underlying crime, and that the defendant "used" or "carried" the firearm--into one. Combining these two elements into the single element 2 quoted above, Paris argues, somehow reduced the required quantum of the government's proof. Defendant's Brief at 16. We don't see why this would be so. To find Parris "knowingly used a firearm during and in relation to the drug crime" the jury had to find both the elements Parris points to. The judge needn't use any particular form to instruct the jury. "A trial court is given substantial latitude in tailoring jury instructions so long as they fairly and adequately cover the issues presented." United States v. Powell, 955 F.2d 1206, 1210 (9th Cir.1992). Here, the description of the elements of the offense met that standard.
 
 
 9
 Parris also challenges the final paragraph of Instruction 9, which reads:
 
 
 10
 Possession of a firearm alone does not constitute a violation of this law. However, if a firearm, whether loaded or unloaded, is within the possession or control of a person who commits the crime of possession with intent to distribute or dispense cocaine, and the circumstances of the case show that the firearm facilitated or had a role in the crime, such as emboldening the person--i.e., to give the person security or confidence--to undertake the drug crime or otherwise give the person the opportunity or ability to display or discharge the weapon to protect himself or intimidate others, whether or not such display or discharge in fact occurred, then there is a violation of the law.
 
 
 11
 R.T. at 219-20. Defendant claims that including the case where carrying the firearm merely emboldens the defendant to undertake the drug crime or gives him the ability to use the weapon to protect himself or intimidate others "could lead to conviction in virtually all cases where a Defendant possessed both a firearm and drugs." Defendant's Brief at 17. Unfortunately for the defendant, that is the law of the circuit. Stewart, 779 F.2d at 540. Though this may seem harsh and overly expansive, it corresponds to reality: Many people who own guns and commit drug crimes do use the guns to facilitate the crimes. See Phelps, 877 F.2d at 30 (a rare exception which held an unloaded gun used to barter for drugs was not "used in relation to drug crime"); United States v. Smith, 957 F.2d 835, 837 (11th Cir.) (Phelps issue case coming out the other way), cert. granted, 113 S.Ct. 53 (1992). Certainly in this case there was ample evidence connecting the guns to the drug distribution scheme.
 
 
 12
 Parris also argues that the trial court's statement that the firearm possessed by the defendant could be "loaded or unloaded" would cause the jury to accord no significance to the fact that the sawed-off shotgun was unloaded. But the instruction didn't tell the jury to ignore whether the gun was loaded; it only told them they could find that the firearm facilitated or had a role in the crime even if the gun was unloaded. See McLaughlin v. United States, 476 U.S. 16, 18 (1986) (sight of a gun "instills fear in the average citizen; as a consequence, it creates an immediate danger that a violent response will ensue"). Parris could still argue that the fact the gun was unloaded tended to show it wasn't used to facilitate the crime; the instruction merely said (correctly) that the jury didn't have to accept this argument.
 
 AFFIRMED
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3