999 F.2d 541
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gregory STRICKLAND, Defendant-Appellant.
 No. 92-1119.
 United States Court of Appeals, Sixth Circuit.
 July 14, 1993.
 
 Before JONES and BATCHELDER, Circuit Judges, and ENGEL, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant-Appellant Gregory Strickland appeals his convictions in this cocaine and firearms case. For the reasons stated herein, we affirm.
 
 I.
 
 2
 On August 22, 1989, Bureau of Alcohol, Tobacco and Firearms (ATF) Special Agent Vera Dutkewych obtained a federal search warrant for Strickland's apartment at 5159 Tuxedo, Detroit, Michigan. Later that day, a team of federal and local law enforcement officers assembled at 5159 Tuxedo to execute the warrant. The team of officers announced their presence and demanded entry under the authority of the search warrant. Strickland did not respond. The team forced open the door to the apartment and found Strickland standing in the living room. ATF Special Agent Richard Crock handcuffed Strickland and then searched the living room where he had found Strickland. As a result of this search, Crock discovered plastic bags filled with cocaine in the corner of the living room, approximately six to eight feet from where Strickland was found. Crock also found a loaded .22 caliber revolver on the top of an entertainment center three to five feet from Strickland. Other agents found two additional firearms: an unloaded nine-millimeter pistol in a living room closet; and a loaded .30 caliber carbine rifle hanging in a closet outside the master bedroom.
 
 
 3
 On December 19, 1990, a federal grand jury in the Eastern District of Michigan returned an indictment charging Strickland with one count of possession of cocaine with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1) (1988), and one count of using a firearm during and in relation to a drug trafficking crime, in contravention of 18 U.S.C. § 924(c)(1) (current version at 18 U.S.C. § 924(c)(1) (Supp. III 1991)). The Section 924(c)(1) count charged Strickland with using all three firearms found during the search of Strickland's residence.
 
 
 4
 After a two-day trial held on September 10-11, 1991, a jury found Strickland guilty on both counts. On December 16, 1991, the district court sentenced Strickland to twenty-seven months imprisonment on the cocaine count and to a consecutive sixty-month term of imprisonment on the firearm count.
 
 II.
 
 5
 On appeal, Strickland first argues that the district court erred by not specifically instructing the jury that, in order to find Strickland guilty of violating Section 924(c)(1), it must unanimously determine which firearm Strickland used or carried during and in relation to the drug trafficking crime.[1] Strickland argues that this error violated his Sixth Amendment right to a unanimous jury verdict.
 
 
 6
 "Jury instructions are reviewed as a whole in order to determine whether they adequately inform the jury of the relevant considerations and provide a basis in law for aiding the jury in reaching its decision." Kitchen v. Chippewa Valley Sch., 825 F.2d 1004, 1010-11 (6th Cir.1987). A judgment can be reversed if the instructions, viewed as a whole, were confusing, misleading or prejudicial. Beard v. Norwegian Caribbean Lines, 900 F.2d 71, 72-73 (6th Cir.1990). If a party neither objects to the instructions given nor proposes alternate instructions, that party waives its right to appeal allegedly improper instructions, and the instructions are reviewable only for plain error. United States v. Sanchez, 928 F.2d 1450, 1456 (6th Cir.1991).
 
 
 7
 In the course of its instructions to the jury, the district court stated that the elements of Section 924(c)(1) are as follows:
 
 
 8
 The essential elements of Count II in the section as made and provided under the United States Code is [sic], first:
 
 
 9
 That on or about the date charged in the indictment the defendant used a firearm.
 
 
 10
 Second, that the defendant had knowledge that what he was using was a firearm; and
 
 
 11
 Third, that the defendant did so during and in relation to the commission of a drug trafficking crime for which he may be prosecuted in a court of the United States.
 
 
 12
 J.A. at 111.
 
 
 13
 The district court also gave a general jury instruction on unanimity:
 
 
 14
 Now, your verdict, whether it is guilty or not guilty, must be unanimous. This means that to find a defendant guilty, every one of you must agree that the Government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt. And to find the defendant not guilty, every one of you must agree that the Government has failed to convince you beyond a reasonable doubt. Either way, your verdict must be unanimous.
 
 
 15
 Id. at 118.
 
 
 16
 Strickland did not object to these instructions, nor did he provide alternative instructions which were rejected. As a result, the jury instructions are reviewed under the plain error analysis. Sanchez, 928 F.2d at 1456.
 
 
 17
 This Circuit has not established a blanket rule that the trial court must instruct the jury that it must unanimously agree which firearm it finds a defendant used, carried or possessed before it can return a guilty verdict under a firearm charge. Rather, we have analyzed the need for a specific unanimity instruction under the specific facts of a particular case. See, e.g., United States v. Williams, No. 91-2029 (6th Cir. Mar. 15, 1993) (Westlaw, CTA6 database); United States v. Sims, 975 F.2d 1225, 1240-41 (6th Cir.1992) (18 U.S.C. § 922(g) (1988) violations), cert. denied, 113 S.Ct. 1315, 1617-18, 1620 (1993); United States v. York, No. 91-5755 (6th Cir. Sept. 2, 1992) (Westlaw, CTA6 database), cert. denied, 113 S.Ct. 1332 (1993); accord United States v. Hager, 969 F.2d 883, 890-91 (10th Cir.), cert. denied, 113 S.Ct. 437 (1992); United States v. Blackwood, Nos. 88-3113, 88-3114, 88-3115, 88-3117, 88-3118, 88-3119, 88-3210 (D.C.Cir. June 11, 1990) (Westlaw, CTA database), cert. denied, 498 U.S. 906, 1000 (1990) and 111 S.Ct. 1591 (1991); but cf. United States v. Theodoropoulos, 866 F.2d 587, 597 (3d Cir.1989) (Court held that trial court "properly" instructed the jury that they must unanimously agree on which of four weapons the defendant used in order for the jury to convict the defendant of violating Section 924(c)).
 
 
 18
 In Sims, we noted that " '[t]he touchstone has been the presence of a genuine risk that the jury is confused or that a conviction may occur as the result of different jurors concluding that a defendant committed different acts.' " 975 F.2d at 1240-41 (quoting United States v. Duncan, 850 F.2d 1104, 1114 (6th Cir.1988)). We then considered the facts of the case. In that case, the defendant was charged with possessing two guns. The two guns were found in the back seat of the same car in which the defendant was seated during the defendant and his co-defendants' attempted purchase and sale of cocaine. We concluded that there was "no chance of jury confusion or of differing outcomes with regard to these two guns." Id. at 1241.
 
 
 19
 In this case, there was similarly little chance for confusion or for differing outcomes with regard to the three guns. The guns were found in the same general vicinity of Strickland: one was found three to five feet from him; another was located in the closet of the room where he was found; the third was discovered close by in a closet outside the master bedroom. Because we have held that the term "used" in Section 924(c)(1) is to be broadly construed, see United States v. Brown, 915 F.2d 219, 224 (6th Cir.1990), a jury could find that Strickland used any of the three weapons during or immediately following a drug trafficking crime or to facilitate a drug trafficking crime. See id. at 226 (quoting United States v. Payero, 888 F.2d 928, 929 (1st Cir.1989)).
 
 
 20
 It was not plain error for the district court to give a general jury instruction in this instance. The general jury instruction did not violate Strickland's Sixth Amendment right to a unanimous jury verdict.[2]
 
 III.
 
 21
 Strickland next contends that the prosecutor engaged in egregious misconduct. Strickland points to two specific instances of alleged prosecutorial misconduct. First, Strickland alleges that the prosecutor asked inadmissible questions about prior arrests of Strickland involving narcotics in an effort to impeach. Second, Strickland argues that the government, in its closing argument, improperly and incorrectly stated that Strickland was "an admitted drug dealer." J.A. at 87.
 
 A.
 
 22
 The government's case-in-chief was confined to the execution of the search warrant on August 22, 1989 at 5159 Tuxedo. After the government rested, Strickland took the witness stand and denied knowing that the cocaine and the firearms were in the apartment. Thus, Strickland erected a defense premised upon his lack of knowledge that cocaine and guns were in the apartment.
 
 
 23
 On cross-examination, Strickland again denied knowledge of cocaine being in his apartment and that he distributed cocaine to support his cocaine habit which existed from 1988 to the time of the trial. Strickland was then asked about two occasions in 1988 in which he was arrested on narcotic offenses by the Detroit, Michigan police. In each of those two prior arrests, Strickland was not convicted after he was arrested.
 
 
 24
 On appeal, Strickland contends that the government's cross-examination with regard to Strickland's prior arrests was improper impeachment. The government contends that the questions it posed about his prior drug involvement were permissible cross-examination questions based on Rule 404(b) of the Federal Rules of Evidence.[3]
 
 
 25
 Having reviewed the record closely, we conclude that the questions were properly permitted as questions used to impeach Strickland. During his testimony, Strickland denied knowledge of the drugs being in his apartment and he denied distributing drugs to support his cocaine habit. The prior arrest questions could be used to impeach Strickland's defense that he did not distribute cocaine or lacked knowing the location of the cocaine. United States v. Ricks, No. 92-5503, 1993 WL 78781, at * 5 (6th Cir. Mar. 19, 1993) (where defendant, at trial, denied knowing about location of cocaine and denied dealing in cocaine, "the government was justified in questioning [the defendant] about [a prior arrest] on cross-examination in order to impeach his testimony by showing that [the defendant], at least arguably, did in fact 'deal with drugs' "), cert. denied, 61 U.S.L.W. 3788 (U.S. May 24, 1993); accord United States v. Gay, 967 F.2d 322, 328 (9th Cir.) (Rule 404(b) may be used for impeachment purposes), cert. denied, 113 S.Ct. 359 (1992); United States v. Stockton, 788 F.2d 210, 219 n. 15 (4th Cir.) ("impeachment qualifies as a permissible purpose for the introduction of other crimes" pursuant to Rule 404(b), cert. denied, 479 U.S. 840 (1986)).
 
 
 26
 We also note that the questions Strickland now objects to were not objected to during the trial. "Under the contemporaneous objection rule, failure to lodge an objection during the trial constitutes a waiver of any objection on appeal, absent plain error." United States v. Chalkias, 971 F.2d 1206, 1212 (6th Cir.), cert. denied, 113 S.Ct. 351 (1992). In this context, we have stated:
 
 
 27
 Plain error is an error that "seriously affect[s] the fairness, integrity or public reputation of the judicial proceedings." United States v. Young, 470 U.S. 1, 15 [ ] (1985) (quoting United States v. Atkinson, 297 U.S. 157, 160 [ ] (1936)). The plain error exception to the contemporaneous objection rule is to be used sparingly and only to prevent a miscarriage of justice. Young, 470 U.S. at 15, [ ] (quoting United States v. Frady, 456 U.S. 152, 163 n. 14 [ ] (1982)).
 
 
 28
 Id.
 
 
 29
 Even if we were to find that the questions should not have been asked, the questions did not affect the outcome of the trial. The evidence against Strickland was very strong. He was found in the apartment alone with the cocaine and the guns closely surrounding him. The evidence at the trial showed that the apartment contained approximately 125 grams of cocaine, packaging material, and three firearms scattered throughout the apartment. Furthermore, the evidence, including several items such as telephone records, a check book, and an insurance card indicated that Strickland lived in the apartment. We therefore hold that the questions do not amount to plain error.
 
 B.
 
 30
 During the government's closing argument, the prosecutor mentioned one time that Strickland was "an admitted drug dealer." J.A. at 87. Strickland did not object to this comment at trial. On appeal, Strickland argues that there was neither an admission by himself nor any evidence which indicates that he was an admitted drug dealer. As a result, Strickland contends that the prosecutor committed harmful misconduct.
 
 
 31
 After reviewing that statement, as well as the record, we conclude that the isolated statement was not " 'so pronounced and persistent that it permeate[d] the entire atmosphere of the trial,' " United States v. Vance, 871 F.2d 572, 577 (6th Cir.) (quoting United States v. Mahar, 801 F.2d 1477, 1503 (6th Cir.1986)), cert. denied, 493 U.S. 933 (1989), nor was the alleged impropriety in the prosecution's argument to the jury " 'so gross as probably to prejudice the defendant.' " Id. (quoting United States v. Ashworth, 836 F.2d 260, 267 (6th Cir.1988)). As a result, we hold that the statement, even if improper, constitutes harmless error and does not warrant a new trial.
 
 IV.
 
 32
 Strickland also argues that he received ineffective assistance of counsel because his counsel did not object to the questions asked by the prosecutor which established Strickland's prior dealings with cocaine. This Court has consistently left resolution of ineffective assistance of counsel claims to 28 U.S.C. § 2255 (1988) proceedings whenever such claims were not first presented to the district court because, in such instances, the record on appeal is normally " 'insufficient for purposes of evaluating counsel's performance.' " United States v. Swidan, 888 F.2d 1076, 1081 (6th Cir.1989) (quoting United States v. Lopez, 728 F.2d 1359, 1363 (11th Cir.), cert. denied, 469 U.S. 828 (1984)); United States v. Hill, 688 F.2d 18, 21-22 (6th Cir.), cert. denied, 459 U.S. 1074 (1982).
 
 
 33
 We find that the present record in this case is insufficient to try to evaluate defense counsel's performance. As a result, we will not consider this contention on this appeal.
 
 V.
 
 34
 For the foregoing reasons, we affirm.
 
 
 
 [1]
 Section 924(c)(1) states, in pertinent part:
 Whoever, during and in relation to any crime of violence or drug trafficking crime ..., uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime, be sentenced to imprisonment for five years....
 
 
 [2]
 Furthermore, the indictment charged Strickland with being in possession of all three guns. Therefore, the jury could have found him guilty of using all three guns during and in relation to a drug trafficking crime. See United States v. Beatty, No. 91-3117 (D.C.Cir. Nov. 10, 1992), cert. denied, 113 S.Ct. 1616 (1993)
 
 
 [3]
 Rule 404(b) states, in pertinent part:
 (b) Other crimes, wrongs, or acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident....