23 F.3d 404
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Kevin D. THOMPSON, Defendant-Appellant.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Curtis Woodrow JONES, Defendant-Appellant.
 Nos. 93-5719, 93-5720.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 29, 1994
Decided April 11, 1994.
 
 Appeals from the United States District Court for the Eastern District of Virginia, at Alexandria. James C. Cacheris, Chief District Judge. (CR-93-75-A)
 Gerald I. Fisher, Fisher, Morin & Kagan-Kans, P.C., Washington, DC; David B. Smith, Jacobovitz, English & Smith, Alexandria, VA, for appellants.
 Helen F. Fahey, United States Attorney, Mark J, Hulkower, Assistant United States Attorney, Alexandria, VA, for appellee.
 E.D.Va.
 AFFIRMED.
 Before HALL, MURNAGHAN, and LUTTIG, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Curtis Woodrow Jones and Kevin D. Thompson appeal their convictions for using and carrying a firearm during and in relation to a crime of violence under 18 U.S.C.A. Sec. 924(c) (West Supp.1993) and 18 U.S.C. Sec. 2 (1988). Because we find that their claims are without merit, we affirm their convictions.
 
 
 2
 In December 1992, Jones plotted with Eric Tyrone Vaughan to rob an armored car. As an employee of Federal Armored Express, Inc., Jones was familiar with the company's routes and procedures. He showed Vaughan the company's travel routes, explained its procedures, and advised him that during the robbery he should disarm the guard so he would not shoot the robbers or stop their escape.
 
 
 3
 On December 14, 1992, Vaughan and Thompson carried out the plan by robbing a Federal Armored Express armored car in Crystal City, Virginia. Vaughan was armed with a BB gun. Blocking the path of the armored car, Vaughan and Thompson seized a bag of currency and the guard's .38 caliber revolver and fled from the scene on foot. The next day, Vaughan gave Jones a share of the money and the guard's gun. Jones threw the gun in the Potomac River.
 
 
 4
 A grand jury indicted Jones and Thompson on four counts: conspiracy in violation of 18 U.S.C. Sec. 1951(a) (1988) (Count One); interference with commerce by threats or violence in violation of 18 U.S.C. Sec. 1951(a), 2 (Count Two); interstate transportation of stolen property in violation of 18 U.S.C.A. Sec. 2314 (West Supp.1993), 18 U.S.C. Sec. 2 (Count Three); and using and carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C.A.Sec. 924(c), 18 U.S.C. Sec. 2 (Count Four). Separately, the two men entered plea agreements and filed motions to dismiss Count Four of the indictment, asserting identical grounds for their motions. When the district court denied the motions, Jones and Thompson each pled guilty to Counts One and Four of the indictment, preserving their rights to appeal from the denial of the motions to dismiss. Each defendant timely appealed.
 
 
 5
 Jones and Thompson contend that confiscating a guard's firearm before escaping from a robbery scene does not violate 18 U.S.C.A. Sec. 924(c). This Court construes questions of law de novo. Nehi Bottling Co. v. All-American Bottling Corp., 8 F.3d 157, 162 (4th Cir.1993); United States v. Haynes, 961 F.2d 50, 51 (4th Cir.1992).
 
 
 6
 Section 924(c)(1) provides in relevant part:
 
 
 7
 Whoever, during and in relation to any crime of violence or drug trafficking crime ... for which he may be prosecuted in a court of the United States, uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime, be sentenced to imprisonment for five years.
 
 
 8
 18 U.S.C.A. Sec. 924(c)(1). To prove a Sec. 924(c) violation, the government must show that the defendant used or carried the firearm during a crime of violence. Smith v. United States, 61 U.S.L.W. 4503, 4505 (U.S.1993). Appellants argue that because Thompson took the gun from the guard to prevent the guard from using it against the robbers and it was not used offensively, the firearm was not used or carried during a crime of violence.
 
 
 9
 Courts broadly construe the term "use" under Sec. 924(c). Sufficient evidence exists for a Sec. 924(c) conviction if a weapon was available for use during or immediately following the crime, increased the likelihood of the success of the crime, or if it facilitated the crime by giving its possessor courage. United States v. Caldwell, 985 F.2d 763, 765 (5th Cir.1993); United States v. White, 985 F.2d 271, 273 (6th Cir.1993); United States v. Hager, 969 F.2d 883, 888-89 (10th Cir.), cert. denied, 61 U.S.L.W. 3335 (U.S.1992); United States v. Vasquez, 909 F.2d 235, 239 (7th Cir.1990), cert. denied, 59 U.S.L.W. 3837 (U.S.1991).
 
 
 10
 A gun need not be used offensively to support aSec. 924(c) conviction. See Smith, 61 U.S.L.W. at 4507 (applying Sec. 924(c) where firearm traded for drugs); see also, United States v. Morrow, 977 F.2d 222, 231 (6th Cir.1992) (applying Sec. 924(c) where defendant claimed to use gun as protection against snakes in marijuana patch), cert. denied, 61 U.S.L.W. 3834 (U.S.1993). In fact, the legislative history clearly states that for purposes of a Sec. 924(c) conviction, a firearm has been used in relation to a crime of violence where "the defendant intended to use the gun if a contingency arose or to make his escape." S.Rep. No. 225, 98th Cong., 2d Sess. 1, 314 n. 10 (1983), reprinted in 1984 U.S.C.C.A.N. 3182, 3492 n. 10. See also United States v. Payero, 888 F.2d 928, 929 (1st Cir.1989) (holding that Sec. 924(c) conviction will be upheld if "possessor of a weapon intended to have it available for possible use during or immediately following the transaction, or if it facilitated the transaction by lending courage to the possessor").
 
 
 11
 By Appellants' own admission, Vaughan stole the gun from the armored car guard "so the guard would not shoot Mr. Vaughan or anyone who was with him, making it possible for Mr. Vaughan and whoever was with him to escape unharmed." Because the legislative intent of Sec. 924(c) clearly shows that the statute was intended to cover the use of firearms to facilitate escape, the district court properly denied Appellants' motions to dismiss Count Four of their indictment.
 
 
 12
 Jones further argues that he could not be found guilty of violating Sec. 924(c) because he was not present at the time of the robbery. This argument fails for two reasons. First, "conspirators [are] liable for all reasonably foreseeable acts of their co-conspirators done in furtherance of the conspiracy." United States v. Cummings, 937 F.2d 941, 944 (4th Cir.), cert. denied, 60 U.S.L.W. 3343 (U.S.1991); Pinkerton v. United States, 328 U.S. 640, 647 (1946). Here, Jones advised Vaughan to steal the armored car guard's gun so the robbers could flee, thereby completing their robbery. Because Vaughan's action of stealing the gun to facilitate escape was a foreseeable consequence of the conspiracy and Jones was a member of the conspiracy when this act occurred, he was properly convicted of violatingSec. 924(c).
 
 
 13
 Even if Jones could not be held liable on conspiracy grounds, he was liable as an aider and abettor. In United States v. Thomas, 987 F.2d 697 (11th Cir.1993), the Eleventh Circuit explained the requirements for sustaining an aiding and abetting conviction concerning Sec. 924(c): " 'To prove aiding and abetting, the government must demonstrate that a substantive offense was committed, that the defendant associated himself with the criminal venture, and that he committed some act which furthered the crime.' " Id. at 701-02; see also Morrow, 977 F.2d at 230-31. Here, it is clear that one of Jones' coconspirators stole the armored car guard's gun during a robbery to facilitate escape from the scene. Jones associated himself with the criminal venture both by helping to plan it and by accepting his share of the stolen money and disposing of the stolen gun. Finally, by explaining the armored car's route and advising his co-conspirator to steal the guard's gun, Jones committed acts which furthered the crime. Thus, Jones aided and abetted his co-conspirators in violating Sec. 924(c).
 
 
 14
 For these reasons, we affirm Appellants' convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED