UNITED STATES of America, Appellee,

v.

Herbert W. LAWRENCE,
Defendant–Appellant.

No. 606, Docket 90–1418.

United States Court of Appeals,
Second Circuit.

Argued Jan. 29, 1991.

Decided March 1, 1991.

William B. Darrow, Asst. U.S. Atty., Burlington, Vt. (George J. Terwilliger, III, U.S. Atty., D. Vermont, David V. Kirby, Asst. U.S. Atty., Burlington, Vt., on the brief), for appellee.

Paul S. Volk, Burlington, Vt. (Blodgett, Watts & Volk, Burlington, Vt., on the brief), for defendant-appellant.

Before KEARSE, PRATT and McLAUGHLIN, Circuit Judges.

KEARSE, Circuit Judge:

Defendant Herbert W. Lawrence, convicted in the United States District Court for the District of Vermont, following his plea of guilty before Albert W. Coffrin, *Judge,* of, *inter alia,* two firearms offenses on which he was sentenced to serve consecutive prison terms, 18 U.S.C. §§ 922(g), 924(c) and (e) (1988), appeals from the judgment, contending that imposition of the sentences consecutively rather than concurrently violated his rights under the Double Jeopardy Clause of the Fifth Amendment to the Constitution. For the reasons below, we disagree and affirm the judgment of conviction.

## I. BACKGROUND

The facts are largely undisputed. Lawrence, who during the 1970's had been convicted in Vermont state courts of violent felonies on three occasions, participated in a conspiracy to distribute cocaine between May 23, 1988, and November 6, 1989. In furtherance of the conspiracy, he made several trips to New York to obtain the narcotics and bring them back to Vermont. On at least one of these trips, he carried a gun.

Charged with numerous offenses in two federal indictments, Lawrence pleaded guilty to one count of conspiracy to distribute cocaine, in violation of 21 U.S.C. § 846 (1988), and to two weapons offenses. He pleaded guilty to having carried and used a pistol "during and in relation to" his conspiracy offense, in violation of 18 U.S.C. § 924(c); and he pleaded guilty to one count of being a felon in possession of a firearm in and affecting interstate commerce after having previously been convicted of three violent felonies, in violation of 18 U.S.C. §§ 922(g) and 924(e).

Prior to sentencing, Lawrence objected to any imposition of consecutive mandatory minimum sentences on the two weapons counts, arguing that the imposition of the sentences consecutively rather than concurrently would constitute multiple punishment for the same conduct and thus violate his right not to be subjected to double jeopardy. The court rejected his objections, both at the sentencing hearing and in a postsentencing Memorandum Opinion dated June 29, 1990.

On the § 922(g) and § 924(e) count, the district court sentenced Lawrence to the statutory minimum prison term of 15 years; it sentenced him to 100 months' imprisonment on the narcotics conspiracy count, to be served concurrently with the

15-year sentence. On the § 924(c) count, the court sentenced Lawrence to the statutory minimum of five years' imprisonment, to be served consecutively to the 15-year sentence. This appeal followed.

## II. DISCUSSION

On appeal, Lawrence renews his argument that the imposition of consecutive sentences on the two weapons charges violated principles of double jeopardy. We conclude that the statutory provisions reflect Congress's intent to impose cumulative punishments and that that cumulation is permissible under the Double Jeopardy Clause.

■ Section 922(g), to the extent pertinent here, makes it unlawful for a person who has been convicted of a felony to possess a firearm in interstate commerce. 18 U.S.C. § 922(g)(1). Section 924(e) provides, *inter alia,* that a person who violates § 922(g) after having been convicted of three violent felonies "shall be . . . imprisoned not less than fifteen years." Section 924(e) also provides that, notwithstanding any other provision of law, the court shall not suspend the sentence imposed with respect to the conviction under § 922(g). Section 924(e) thus sets a minimum 15-year sentence that cannot be suspended.

Section 924(c)(1) makes it unlawful, *inter alia,* to use or carry a firearm during and in relation to a federal drug trafficking crime and provides that notwithstanding any other provision of law, the court shall not suspend the sentence imposed for violation of this subsection; "nor shall the term of imprisonment imposed under this subsection run concurrently with any other term of imprisonment. . . ." This section thus requires the imposition of a sentence that cannot be suspended and cannot be allowed to overlap with any other sentence.

The combination of §§ 924(c)(1) and 924(e) seems plainly to require the imposition of consecutive sentences. The intent that punishment imposed for violation of § 924(c) not be allowed to overlap any other punishment was explicitly articulated in the legislative history preceding the 1984 amendment of this section. Explaining that the purpose of amending § 924(c) was to avoid the results of cases such as *Busic v. United States,* 446 U.S. 398, 100 S.Ct. 1747, 64 L.Ed.2d 381 (1980), which ruled that the enhanced penalty provided in § 924(c) as it then existed could not be imposed consecutively to the penalty imposed under other provisions that had their own penalty enhancement provisions, S.Rep. No. 98–225, 98th Cong., 2d Sess. 312 ("S.Rep."), *reprinted in* 1984 U.S.Code Cong. & Admin.News 3182, 3490 ("USCCAN"), the report of the Senate Judiciary Committee stated that the revision was intended

to ensure that all persons who commit Federal crimes of violence, including those crimes set forth in statutes which already provide for enhanced sentences for their commission with a dangerous weapon, receive a mandatory sentence, *without the possibility of the sentence being made to run concurrently with that* for the underlying offense or *for any other crime. . . .*

S.Rep. at 313, 1984 USCCAN at 3491 (footnote omitted; emphasis added); *see also id.,* 1984 USCCAN at 3492 (defendant sentenced under revised § 924(c) could not be given a suspended sentence, "nor could any sentence under the revised subsection be made to run concurrently with that for . . . any other offense").

Congress's intent to require the prison term imposed under § 924(c) to be in addition to any other term of imprisonment is reflected in that section as amended. Thus, the district court was not permitted to suspend the sentence imposed on Lawrence under that section or to make it concurrent with the sentence imposed for violation of § 922(g); nor, in light of the prohibition in § 924(e), did the court have the power to suspend the sentence imposed on Lawrence for his violation of § 922(g). In sum, the statutory provisions required

the court to impose sentences under both sections and to make them consecutive.

■ The Double Jeopardy Clause protects a defendant against, *inter alia*, "multiple punishments for the same offense." *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969). If the statute in question makes clear that Congress intended to impose cumulative punishments, the Double Jeopardy Clause is not violated. *See Missouri v. Hunter*, 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983). In *Hunter*, the Court stated as follows:

> Where, as here, a legislature specifically authorizes cumulative punishment under two statutes, regardless of whether those two statutes proscribe the "same" conduct under *Blockburger* [*v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932) ], a court's task of statutory construction is at an end and the prosecutor may seek and the trial court or jury may impose cumulative punishment under such statutes in a single trial.

*Id.* at 368–69, 103 S.Ct. at 679.

There being no question here that Congress intended the punishments to be cumulative, Lawrence's double jeopardy argument must fail.

## CONCLUSION

We have considered all of Lawrence's arguments on this appeal and have found them to be without merit. The judgment of conviction is affirmed.