**UNITED STATES of America**

v.

**Amir GHAFFAR.**

**CR No. 92–105 P.**

United States District Court,
D. Rhode Island.

May 14, 1993.

Girard Sullivan, Asst. U.S. Atty., Providence, RI, for plaintiff.

Ralph Perrotta, Providence, RI, for defendant.

## MEMORANDUM AND ORDER

PETTINE, Senior District Judge.

Defendant, a previously convicted felon, was arrested during a raid of his apartment on August 21, 1992. During the raid, police seized substantial quantities of heroin and other contraband, including $1601.00 in cash, and a fully loaded .9mm semi-automatic pistol with a round chambered. On January 12, 1993, defendant pled guilty to a three count indictment charging him with violations of 21 U.S.C. § 841(a)(1) (Possession With Intent to Distribute Heroin), 18 U.S.C. § 924(c) (Using or Carrying a Firearm During and in Relation to a Drug Trafficking Crime), and 18 U.S.C. § 922(g) (Felon in Possession of a Firearm).

In response to the Presentence Report, defendant filed an objection to the grouping of Counts I and III for sentencing purposes. At a sentencing hearing on March 16, 1993, however, defendant conceded the appropriateness of grouping these Counts,[1] but pressed a supplemental objection to sentencing on Counts II and III.

Relying on *Ball v. United States*, 470 U.S. 856, 105 S.Ct. 1668, 84 L.Ed.2d 740 (1985), defendant argues that it is impermissible to convict and sentence him on both Counts II and III. He contends that the charges are redundant in that a single act had led to conviction on both counts. The government

---

**1.** Grouping of these counts is appropriate. *See United States v. Patterson,* 947 F.2d 635 (2nd Cir.1991). Grouping of these counts also results in a lower sentencing guideline range and therefore benefits the defendant.

counters this theory, arguing that (1) the firearms Counts do not constitute a single act offense, and (2) Congress intended the penalty provisions of 18 U.S.C. § 924(c) to establish a double punishment for this offense conduct, notwithstanding the undisputed fact that defendant possessed the firearm at issue on only one occasion.

Because I believe the defendant's reliance upon *Ball* is misplaced under the facts of this case, I overrule defendant's objection and set this matter down for sentencing in accordance with the Probation Department's Presentence Report.

In *Ball, supra,* the petitioner, a previously convicted felon, was arrested when the police found him in possession of another person's revolver that was reported missing. The petitioner had allegedly threatened a neighbor with the revolver, and tried unsuccessfully to sell it. He was indicted on charges of *receiving* a firearm in violation of 18 U.S.C. § 922(h)(1) and for *possessing* it in violation of 18 U.S.C. § 1202(a)(1). After conviction in Federal District Court on both counts, he was sentenced to consecutive terms of imprisonment on the respective counts. The Court of Appeals remanded the case to the District Court with instructions to modify the sentences to make them concurrent.

The Supreme Court, while acknowledging the Government's broad discretion to conduct criminal prosecutions, including its power to select charges to be brought in a particular case, held that Congress did not intend a convicted felon in petitioner's position to be punished under both § 922(h) and § 1202(a)(1). Citing *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932), the Court stated that the appropriate inquiry to determine whether Congress intended the same conduct to be punishable under two criminal provisions asks "whether each provision requires proof of a fact which the other does not." *Ball,* 470 U.S. at 861, 105 S.Ct. at 1671. It further noted the assumption underlying the *Blockburger* rule—that Congress ordinarily does

not intend to punish the same offense under two different statutes.

Applying the rule to the petitioner's circumstances and the firearms statutes involved, the *Ball* Court found that Congress clearly "did not intend to subject felons to two convictions; proof of illegal receipt of a firearm *necessarily* includes proof of illegal possession of that weapon. '[W]hen received, a firearm is necessarily possessed.'" *Ball,* 470 U.S. at 862, 105 S.Ct. at 1672 (quoting *United States v. Martin,* 732 F.2d 591, 592 (7th Cir.1984)).[2] Noting the partial overlap of §§ 922(h) and 1202(a) (provisions of Titles IV and VII, respectively of the Omnibus Crime Control and Safe Streets Act of 1968), the Court concluded that "Congress had no intention of creating duplicative punishment for one limited class of persons falling within the overlap between the two titles—convicted felons who receive firearms and who, by definition, possess them. The independent but overlapping statutes simply are not 'directed to separate evils' under the circumstances." *Id.* at 863–64, 105 S.Ct. at 1672–73 (quoting *Albernaz v. United States,* 450 U.S. 333, 343, 101 S.Ct. 1137, 1144, 67 L.Ed.2d 275 (1981)). Finally, having concluded that Congress did not intend petitioner's conduct to be punishable under both §§ 922(h) and 1202(a), the Court held that the only remedy consistent with the congressional intent was for the District Court to exercise its discretion to vacate one of the underlying convictions. *Id.*

In contrast to *Ball,* application of the *Blockburger* test to the circumstances in the case at hand results in a finding that Congress intended to punish these offenses independently. To prove Count III the Government need only prove the defendant's convicted status and his mere possession of a firearm. 18 U.S.C. § 922(g). To prove the § 924(c) offense, however, mere possession of a firearm is not enough. *United States v. Plummer,* 964 F.2d 1251, 1254 (1st Cir.), *cert. denied,* ―― U.S. ――, 113 S.Ct. 350, 121 L.Ed.2d 265 (1992). The government must prove that the firearm facilitated the drug trafficking crime with which the defendant

---

**2.** The Court noted, however, that "the converse may not be true. For example, a felon may possess a firearm without having 'received' it; he

may have manufactured the gun himself." *Ball,* 470 U.S. at 862 n. 9, 105 S.Ct. at 1672 n. 9.

was separately charged, and that the defendant intended to have the firearm available for possible use during or immediately following the drug trafficking crime. *Id.* While the presence or possession of the firearm is a "single act" supporting a conviction on both counts, the proof requires a showing that the defendant not only possessed the gun but that he additionally intended to use it to further his drug trafficking activities.

The U.S. Courts of Appeal for the Second and Seventh Circuits have both addressed the issue presented here and upheld separate sentencing under §§ 924(c) and 922(g). *See United States v. Lawrence,* 928 F.2d 36 (2nd Cir.1991); *United States v. McKinney,* 919 F.2d 405 (7th Cir.1990). Applying the *Blockburger* analysis the Seventh Circuit stated:

> "[i]t is obvious that conviction of the offense under Section 924(c)(1) requires proof of elements not required for conviction under 922(g)(1), and *vice versa.*" Section 924(c)(1) [sic] is a penalty for a felon who possesses a firearm, while section 924(g)(1) [sic] addresses Congress' concern with the more heinous crime of drug trafficking with a firearm. Therefore, the two charges satisfy the *Blockburger* test. *McKinney,* 919 F.2d at 417 (quoting *United States v. Hunter,* 887 F.2d 1001, 1003 (9th Cir.1989)) (footnote omitted).

Similarly, relying on legislative history indicating Congress's intent that the mandatory five year sentence under § 924(c)(1) be imposed "without the possibility of the sentence being made to run concurrently with that for the underlying offense or for any other crime," the Second Circuit upheld separate consecutive sentences under §§ 924(c) and 922(g) and (e). *Lawrence,* 928 F.2d at 38–39 (quoting S.Rep. No. 98–225, 98th Cong., 2d Sess. 312, *reprinted in* 1984 U.S.Code Cong. & Admin.News 3182, 3941).

For the foregoing reasons, I reject defendant's objections to the Presentence Report. Sentence may appropriately be imposed on both Counts II and III of the Indictment without imposing multiple punishment for the same crime. This matter is hereby set down for sentencing on May 25, 1993, at 3:00 p.m., in accordance with the Presentence Report and this Memorandum and Order.

SO ORDERED.