```
                              _____

                              No. 95-2456
                              _____
```

United States of America,            *
                                      *
          Appellee,                   *
                                      *   Appeal from the United States
     v.                               *   District Court for the
                                      *   Eastern District of Missouri.
Corey D. Brown,                       *          [PUBLISHED]
                                      *
          Appellant.                  *

```
                              _____
```

                    Submitted:  December 18, 1995

                        Filed:  December 28, 1995
```
                              _____
```

Before WOLLMAN, MAGILL, and HANSEN, Circuit Judges.
```
                              _____
```

PER CURIAM.

     Corey D. Brown was convicted of possession of cocaine base (crack)
with intent to distribute and use of a firearm during a drug trafficking
offense, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 924(c)(1).
He appeals his conviction and the 181-month sentence imposed by the
district court.[1]  We affirm.

     Brown argues that Congress has no power under the Commerce Clause,
U.S. Const. art. I, § 8, cl. 3, to criminalize the intrastate use or
possession of weapons, and that section 924(c) is thus unconstitutional as
applied to the facts of his case.  Brown relies on the Supreme Court's
recent decision in United States v. Lopez, 115 S. Ct. 1624 (1995)
(concluding Congress exceeded its Commerce Clause authority in enacting
Gun-Free School Zones Act of 1990, 18 U.S.C. § 922(q)).  Reviewing this
constitutional challenge

_____

     [1]The Honorable Catherine D. Perry, United States District
Judge for the Eastern District of Missouri.

de novo, <u>United States v. Johnson</u>, 56 F.3d 947, 953 (8th Cir. 1995), we reject Brown's argument.

Section 924(c)(1) mandates an additional term of imprisonment for one who uses or carries a firearm "during and in relation to any crime of violence or drug trafficking crime . . . for which he may be prosecuted in a court of the United States."  As defined in section 924(c)(2), a "drug trafficking crime" includes any felony punishable under the Controlled Substances Act, 21 U.S.C. § 801, <u>et</u> <u>seq</u>.  Prior to <u>Lopez</u>, at least two appellate courts held that Congress validly exercised its Commerce Clause authority in enacting section 924(c)(1).  <u>United States v. Owens</u>, 996 F.2d 59, 61 (5th Cir. 1993) (per curiam) (10th Amendment challenge); <u>United States v. Dumas</u>, 934 F.2d 1387, 1390 (6th Cir. 1990) (same), <u>cert. denied</u>, 502 U.S. 1006 (1991); <u>see also</u> <u>United States v. McMillian</u>, 535 F.2d 1035, 1037 n.1 (8th Cir. 1976) (rejecting argument that § 924(c) not within scope of Congress's power to regulate interstate commerce), <u>cert. denied</u>, 434 U.S. 1074 (1978).  In <u>Lopez</u>, the Supreme Court distilled its Commerce Clause jurisprudence and identified three categories of activity Congress may regulate under the Commerce Clause:  (1) the use of the channels of interstate commerce; (2) the instrumentalities of interstate commerce, or persons or things in interstate commerce; and (3) those activities bearing a substantial relation to, or substantially affecting, interstate commerce.  <u>Lopez</u>, 115 S. Ct. at 1626-30; <u>see</u> <u>United States v. Robinson</u>, 62 F.3d 234, 236 (8th Cir. 1995) (discussing <u>Lopez</u>).

Prosecution under section 924(c)(1) does not occur in a vacuum. Rather, it is triggered when one "uses or carries"[2] a

---

[2]Brown has not challenged the facts underlying his section 924(c)(1) conviction.  Thus, we need not consider the impact of the Supreme Court's recent decision in <u>Bailey v. United States</u>, Nos. 94-7448 & 94-7492, 1995 WL 712269 (U.S. Dec. 6, 1995) (defining "use" prong of section 924(c)(1)).

firearm during a drug trafficking offense or violent crime for which the individual may be independently prosecuted.  We note that intrastate drug activity affects interstate commerce, 21 U.S.C. § 801; that Congress may regulate both interstate and intrastate drug trafficking under the Commerce Clause, United States v. Curtis, 965 F.2d 610, 616 (8th Cir. 1992); and that section 841(a)(1) is a valid exercise of Congress's Commerce Clause power, United States v. Leshuk, 65 F.3d 1105, 1111-12 (4th Cir. 1995) (rejecting Lopez Commerce Clause challenge to section 841(a)(1)).  Because Brown's section 924(c)(1) conviction is based on his section 841(a)(1) drug trafficking offense, which involved "an activity that substantially affect[ed] interstate commerce," we reject Brown's Lopez challenge.  See Lopez, 115 S. Ct. at 1630; cf. United States v. Bolton, 68 F.3d 396, 398-99 & n.2. (10th Cir. 1995) (rejecting Lopez-based Commerce Clause challenges to Hobbs Act, 18 U.S.C. § 1951, and defendant's section 924(c)(1) convictions).

Brown also challenges the constitutionality of the 100-to-1 ratio between penalties for crack cocaine and powder cocaine, set forth in 21 U.S.C. § 841(b), arguing that there is no scientific difference between the two substances.  In support of this contention, he relies on evidence originally presented in United States v. Davis, 864 F. Supp. 1303 (N.D. Ga. 1994), appeal pending, (No. 95-8057 11th Cir.).  He maintains that section 841(b) is thus void for vagueness, or alternatively, that its application is barred by the rule of lenity.  Brown also argues that the penalty provisions of section 841(b) violate his equal protection and due process rights.  These arguments are foreclosed by our recent decisions in United States v. Jackson, 67 F.3d 1359, 1367 (8th Cir. 1995), and United States v. Jackson, 64 F.3d 1213, 1219-20 (8th Cir. 1995).

The judgment is affirmed.

-3-

A true copy.

Attest:

       CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.