UNITED STATES, Appellee,

v.

Yves LEREBOURS, Defendant—Appellant.

No. 95–2317.

United States Court of Appeals,
First Circuit.

Heard May 8, 1996.

Decided June 25, 1996.

Bjorn Lange, Assistant Federal Public Defender, Federal Defender Office, for appellant.

Jean B. Weld, Assistant United States Attorney, with whom Paul M. Gagnon, United States Attorney, was on brief, for appellee.

Before TORRUELLA, Chief Judge, CUMMINGS * and CYR, Circuit Judges.

CUMMINGS, Circuit Judge.

Defendant Yves Lerebours was convicted for various drug-related offenses. He raises three issues in this appeal: whether the district court properly refused to dismiss based upon a Commerce Clause challenge to the criminal statute; whether the district court properly refused to enter a judgment of acquittal for insufficient evidence; and whether the defendant's sentence was appropriate under the Sentencing Guidelines. We affirm the district court's conclusions.

* Of the Seventh Circuit, sitting by designation.

In 1994 and 1995 the police department of Manchester, New Hampshire, investigated the sale of crack cocaine and other narcotics in that city. During September 1994 the police focused on drug activities at 309 Cedar Street in Manchester. In that month a police department detective knocked at the door of an apartment on the third floor of that address. A woman directed him to the driveway at the rear of 315 Cedar Street. At that place he spoke to a Hispanic male whom he later identified as defendant and said "I want three." Defendant then entered the rear door and several minutes later handed three small plastic baggies to a juvenile who asked the detective to accompany him. The detective purchased three baggies from the boy for $60. The contents consisted of .39 grams of crack cocaine.

On September 19 the same detective returned to 309 Cedar Street. Defendant was inside an apartment there and the detective again asked for "three." The defendant instructed him to wait downstairs in the alley where the detective bought three baggies from defendant for $60. The contents again consisted of .39 grams of crack cocaine. Defendant told the detective that the next time he came for "crack," he should go to the driveway in back of 315 Cedar Street, ask for Tony, and say that Oshee sent him. Defendant later testified that his nickname was Yoshi. In January 1995 the same detective identified a photograph of defendant as the individual selling him crack cocaine in the prior September. He also identified defendant in court. He testified that he was trained to remember faces of suspects.

In March 1995 another detective of the Manchester police department was investigating drug sales at 249 Cedar Street in Manchester. On March 7 this detective purchased five rocks of crack cocaine for $100 from Henry Favreau at 290 Auburn Street. On the following day Favreau took him to 290 Auburn Street where the detective was told "they were in there cutting it up," and the detective then made a second purchase. On March 14 he made his third purchase of five rocks from Favreau at 290 Auburn Street.

On March 15, after obtaining a search warrant, several police officers executed a search at 290 Auburn Street. One of the detectives sketched the apartment for his police report and identified the rooms searched as including a kitchen, a northwest bedroom and a northeast bedroom. A brown vinyl box was discovered above the ceiling tiles in the kitchen that contained baggies, tissue, a cup, a 13–inch–long Ginsu knife, a six-inch-long test tube, and scissors. The knife, scissors and test tube contained cocaine residue. One of the detectives identified defendant as being present at 290 Auburn Street when the officers arrived to execute the search warrant.

Still another detective, accompanied by his drug-detection dog, searched the northwest bedroom. The dog began to bite and scratch on one of the two mattresses. On lifting the mattress, the detective observed a number of rocks consisting of 1.88 grams of crack cocaine. During the search defendant informed a police sergeant that the northwest bedroom was shared by him and his girlfriend.

In April 1995 defendant was indicted for offenses involving cocaine and cocaine base. The indictment was in six counts. The first count charged a conspiracy to distribute such drugs in 1994 and 1995 in violation of 21 U.S.C. § 846. Counts two and four charged their distribution in September 1994, and counts three, five and six charged possession of such drugs in September 1994 and March 1995. Finally, counts two through six alleged violations of 21 U.S.C. § 841(a)(1) providing that it is unlawful "to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance." Counts three and five were dismissed by the government.

After the government presented its case, defendant sought acquittal on all counts pursuant to Federal Rule of Criminal Procedure 29. He also asked that the case be dismissed based upon *United States v. López,* —— U.S. ——, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995). The district judge commented that he would be surprised "if the federal drug laws could ever be brought within the scope of those category of laws that cannot withstand scru-

tiny under the commerce clause test." Before denying dismissal, he added:

> Cocaine trafficking is a huge interstate economic enterprise. Congress could well decide to regulate that enterprise by prohibiting the distribution of cocaine or the possession of cocaine with intent to distribute. The crime necessarily implicates interstate and foreign commerce since cocaine cannot be manufactured and sold solely within any one state's boundaries. So for that reason I'm going to deny your *López* motion.

Elizabeth Rivera, defendant's fiancée, and her mother Margarita then offered alibi testimony, obviously disbelieved by the jury, concerning events on September 16, 1994, and in March 1995. Defendant again moved for acquittal under Rule 29 of the Federal Rules of Criminal Procedure and for dismissal under *United States v. López*, but both motions were denied. After the three-day jury trial defendant was found guilty on counts one and four and not guilty on counts two and six.

Both sides filed sentencing memoranda. Defendant requested that he be held accountable for only the .39 grams of cocaine base that was the subject of count four. Since he was acquitted under counts two and six, he argued that he should not be held accountable for the drugs distributed on September 16, 1994, and March 15, 1995. In turn, the government requested accountability for a total drug quantity of 4.15 grams of cocaine base. Based upon that amount, the revised presentence investigation report computed a base offense level of 24 for defendant.

The district judge decided that the following amounts were attributable to defendant: .37 grams on September 16, 1994; .39 grams on September 19, 1994; and 1.88 grams on March 15, 1995, or a total of 2.64 grams. The judge explained his rulings as follows:

> ... just because the jury found him not guilty, [sic] that March event doesn't mean that I have to find that he [sic] hasn't

established by a preponderance of the evidence that that cocaine is his....

> I have no difficulty in finding that the .37[sic] grams on 9/16, the .39 grams on 9/19 that was the subject of the conviction, and the .188[sic] grams that was the subject of the acquittal in March are all part of the same conspiracy; that the defendant did engage in the transactions on 9/16 and 9/19, and that the crack cocaine found under the defendant's bed was his cocaine and was possessed by him with the intent to distribute as part of the same conspiracy that led to the conspiracy conviction and the conviction for the 9/19 sale.

> With respect to the 9/16 transaction, I found the officer's testimony to be persuasive and convincing, and I personally have no doubt about in fact that that was the defendant who made that sale.

> And with respect to the 1.88 grams found on March 15, I have no difficulty in finding by a preponderance of the evidence that that cocaine is attributable to the defendant and that it is related to the count of conviction. I just find completely implausible the speculation that someone else, like Mr. Luna, would come in and put the cocaine where it was found.

> So for those reasons I am going to find attributable to the defendant .37 grams on 9/16, .39 grams on 9/19, and 1.88 grams on 3/15.

Defendant was sentenced to 57 months' imprisonment and three years of supervised release.

### Denial of Motion to Dismiss Under *United States v. López*

■ As the Seventh Circuit explained in *United States v. Bell*, 70 F.3d 495, 497 (7th Cir.1995), *López* challenges to various statutes have almost invariably failed.[1] More importantly, three courts of appeals have already rejected *López* constitutional attacks on the Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U.S.C. § 801 *et seq.* Thus in *United States v. Leshuk*, 65 F.3d 1105 (4th Cir.1995), the court noted that

---

1. See, e.g., *United States v. Kirk*, 70 F.3d 791, 794–95 (5th Cir.1995), *reh'g en banc granted*, 78 F.3d 160 (Mar. 5, 1996); *United States v. Bishop*, 66 F.3d 569, 575–89 (3d Cir.1995), *cert. denied*, —— U.S. ——, 116 S.Ct. 681, 133 L.Ed.2d 529 (1995).

*López* reaffirmed the principle that "where a general regulatory statute [like the one here] bears a substantial relation to commerce, the de minimis character of individual instances arising under that statute is of no consequence." *Id.* at 1112. In *United States v. Brown*, 72 F.3d 96 (8th Cir.1995), in upholding a conviction for use of a firearm during a drug-trafficking offense, the court relied on *Leshuk* for rejecting a *López* Commerce Clause challenge and noted that the statute involved here had been found constitutional. *Id.* at 97. *Accord United States v. Wacker*, 72 F.3d 1453, 1475 (10th Cir.1995).

■ Finally, defendant argues that this case amounts to an abridgment of the reservation of police powers to the states under the Tenth Amendment. Such an argument was rejected in *United States v. Owens*, 996 F.2d 59, 60–61 (5th Cir.1993), because courts will not strike down a statute under the Tenth Amendment where Congress was within its powers under the Commerce Clause to enact the statute. As we have already acknowledged, Congress had authority under the Commerce Clause to criminalize the conduct under the statutes involved here.

### Sufficiency of the Evidence

■ Defendant contends that he should have been acquitted on counts one and four because of insufficient evidence, stating that the affidavit for the search warrant for 290 Auburn Street on March 15, 1995, did not mention him and because the detective's identification of defendant as the person from whom he purchased crack cocaine on September 19, 1994, was uncorroborated.

As to count one, it is immaterial that the affidavit for the March 15, 1995 search at 290 Auburn Street did not mention defendant because detective Boles identified him as being present when the officers arrived to execute the search warrant and defendant informed one of the police officers that he shared the northwest bedroom in that apartment where a number of rocks of crack cocaine were found.

Count four, covering the distribution of cocaine on September 19, was supported by a detective's testimony that he requested three rocks of cocaine and purchased them from defendant on September 19, 1994, in the alley outside defendant's apartment. Likewise, count one related to the events of March 15, 1995. There was adequate evidence to support the convictions on counts one and four. Thus the district court properly denied defendant's Rule 29 motions.

### Sentencing

■ It is immaterial that defendant was assessed crack quantities underlying counts two and six, for which he was acquitted, because they were included in conspiracy count one, on which he was convicted. We so ruled in *United States v. Ovalle–Márquez*, 36 F.3d 212, 222–24 (1st Cir.1994), *cert. denied*, —— U.S. ——, 115 S.Ct. 1322, 131 L.Ed.2d 202 (1995), and *United States v. Mocciola*, 891 F.2d 13, 16–17 (1st Cir.1989).

Here defendant was convicted of conspiracy with others to distribute and possess with the intent to distribute a total of 2.64 grams of crack cocaine, as alleged in count one. As the district judge found, the drugs involved in the September 16, 1994, and March 15, 1995, incidents were parts of the scheme underlying the conspiracy count. The judge also found all the cocaine was part of the same conspiracy charged in count one, so that it was proper for him to aggregate them to determine the base offense level. *Ovalle–Márquez*, 36 F.3d at 222–224; U.S.S.G. § 1B1.3(a)(1)(B).

For the foregoing reasons, defendant's convictions and sentence are *affirmed.*