**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                                       No. 95-5223

JEROME WALKER,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Rebecca B. Smith, District Judge.
(CR-94-133)

Submitted: February 20, 1996

Decided: July 25, 1996

Before HALL, MURNAGHAN, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Charles R. Burke, Virginia Beach, Virginia, for Appellant. Helen F.
Fahey, United States Attorney, Kevin M. Comstock, Assistant United
States Attorney, Norfolk, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Jerome Walker appeals his conviction and sentence for possession of a firearm by a convicted felon, use of a firearm during a crime of violence, and bank robbery, in violation of 18 U.S.C.A. §§ 922(g)(1), 924(c)(1), 2113(a), 2113(d) (West Supp. 1995). On appeal, Walker's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that, in his view, there are no meritorious issues on appeal. Walker's attorney also submitted a brief sent to him by Walker, raising four issues. Subsequently, Walker was notified of his right to file a supplemental brief, which he failed to do. After a complete and independent review of the record, we affirm.

I.

Walker first contends that Congress lacked power under the Commerce Clause to pass § 922(g). In support of this proposition, Walker relies upon the recent Supreme Court decision in United States v. Lopez, ___ U.S. ___, 63 U.S.L.W. 4343 (U.S. Apr. 26, 1995) (No. 93-1260).

In Lopez, the Supreme Court invalidated 18 U.S.C.A. § 922(q)(1)(A) (West Supp. 1995), a provision in the Gun-Free School Zones Act of 1990, making possession of a firearm within 1000 feet of a school a federal offense. 63 U.S.L.W. at 4343. The Court struck down the conviction in part because the statute "contains no jurisdictional element which would ensure, through case-by-case inquiry, that the firearm possession in question affects interstate commerce." Id. at 4347.

Unlike the statute at issue in Lopez, there is a jurisdictional element in § 922(g). Section 922(g) requires that possession of the firearm affect or have a link with interstate commerce. Lopez noted with approval the nexus requirement found in 18 U.S.C.A.§ 1202(a) (West 1995), the statute on which § 922(g) is patterned. 63 U.S.L.W. at 4347. Therefore, we agree with the other circuits that have addressed this issue and find that Lopez did not invalidate § 922(g). See United

2

States v. Bell, 70 F.3d 495, 497 (7th Cir. 1995); United States v. Mosby, 60 F.3d 454, 456 n.3 (8th Cir. 1995), petition for cert. filed, ___ U.S.L.W. ___ (U.S. Dec. 4, 1995) (No. 95-7083); United States v. Hanna, 55 F.3d 1456, 1462 (9th Cir. 1995); United States v. Bolton, 68 F.3d 396, 400 (10th Cir. 1995).

II.

Similarly, Walker claims that the Lopez decision invalidated § 924(c). This contention is equally meritless.

Section 924(c)(1) mandates an additional term of imprisonment for one who uses or carries a firearm "during and in relation to any crime of violence or drug trafficking crime." As defined in § 924(c)(3)(A), a "crime of violence" includes any felony offense that involves "threatened use of physical force against the person or property of another." Prosecution under § 924(c) does not occur in a vacuum. Rather, it is triggered when one "uses or carries" a firearm during a drug trafficking offense or violent crime for which the individual may be independently prosecuted.

Section 2113(d), which criminalizes bank robbery, a crime of violence, is a valid exercise of Congress's Commerce Clause power, and Walker does not contend otherwise. See Bolton , 68 F.3d at 399 (robbery is an activity that through repetition can substantially affect interstate commerce). Because Walker's § 924(c) conviction is based on his § 2113 offense, which involved an activity that substantially affected interstate commerce, we reject Walker's Lopez challenge to § 924(c). See United States v. Brown, ___ F.3d ___, 1995 WL 761640, *1 (8th Cir. 1995) (upholding § 924(c) in the face of a Lopez challenge); Bolton, 68 F.3d at 398-99 & n.2 (rejecting Lopez-based Commerce Clause challenges to Hobbs Act and § 924(c) convictions).

III.

Next, Walker claims that there was insufficient evidence to support his § 924(c) conviction in light of the Supreme Court's decision in Bailey v. United States, ___ U.S. #6D6D 6D#, 64 U.S.L.W. 4039 (U.S. Dec. 6, 1995) (Nos. 94-7448, 94-7492). In Bailey, the Supreme Court

3

defined the "use" prong of § 924(c) to mean "active-employment." 64 U.S.L.W. at 4042. This decision overruled previous precedent in this Circuit (and others) holding that it was enough if a firearm was present for protection or to embolden the owner, whether or not it was actually used. See, e.g., United States v. Nelson, 6 F.3d 1049, 1054 (4th Cir. 1993), cert. denied, ___ U.S. ___, 62 U.S.L.W. 3792 (U.S. May 31, 1994) (No. 93-8210).

However, there is ample evidence in this case to support a § 924(c) conviction, even in light of Bailey. The evidence showed that Walker and his co-defendant George Carroll entered the First Union National Bank of Virginia and approached the teller. Following an exchange of bills between Carroll and the teller, Walker placed a gun flat on the counter and pointed it directly at the teller. Walker asked the teller for all of the hundred and fifty dollar bills from her drawer. After the teller complied, Walker and Carroll left the bank. Such evidence is more than sufficient to satisfy the requirements of§ 924(c). See Bailey, 64 U.S.L.W. at 4042.

IV.

Finally, Walker contends that his convictions under both § 922(g) and § 924(c) violated the Double Jeopardy Clause. In support of this position, Walker relies on United States v. Ball , 470 U.S. 856 (1985). In Ball, the Supreme Court held that when a defendant has been prosecuted for two offenses involving the same criminal conduct, and he has been convicted of one, he may not be convicted of the other. The second criminal conviction--even if it does not carry an accompanying sentencing component--constitutes double punishment which, absent express Congressional authorization, is prohibited by the principles of double jeopardy. Ball, 470 U.S. at 861-62.

However, § 922(g) requires proof of elements not required for conviction under § 924(c) and vice versa. Section 922(g) is a penalty for a felon who possesses a firearm, while § 924(c) addresses Congress's concern with crimes committed with a firearm. United States v. McKinney, 919 F.2d 405, 417 (7th Cir. 1990). Therefore, the two statutes do not punish the same criminal conduct, and Ball is not implicated. In addition, because the statutes make clear that Congress intended to impose cumulative punishments, the Double Jeopardy

4

Clause is not violated. <u>United States v. Lawrence</u>, 928 F.2d 36, 38-39 (2d Cir. 1991); <u>McKinney</u>, 919 F.2d at 417.

V.

In accordance with the requirements of <u>Anders</u>, we have examined the entire record in this case and find no meritorious issues for appeal. We therefore affirm the judgment and order of the district court. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

5