_____

Nos. 95-2780 and 95-3785
_____

Roger Allen Wolfe,                    *
                                      *
            Appellant,                *
                                      *  Appeals from the United States
       v.                             *  District Court for the
                                      *  District of Minnesota.
United States of America,             *     [UNPUBLISHED]
                                      *
            Appellee.                 *

                      _____

               Submitted:  July 16, 1996

                  Filed:  July 26, 1996
                      _____

Before FAGG, WOLLMAN, and MURPHY, Circuit Judges.
                      _____


PER CURIAM.

     Roger Allen Wolfe appeals the district court's[1] denial of his 28
U.S.C. § 2255 motion, and his motion for reconsideration.  We affirm.

     After Wolfe was convicted of marijuana-manufacturing and other
related charges, we affirmed his convictions.  See United States v. Wolfe,
18 F.3d 634, 637 (8th Cir. 1994).  Wolfe subsequently filed this section
2255 motion, alleging that his convictions and sentence, following the
completed civil forfeiture of real property he owned, violated the Double
Jeopardy Clause's prohibition against multiple punishments for the same
offense.  Wolfe also raised numerous claims that his trial and appellate
counsel rendered ineffective assistance.  The district court denied Wolfe's
motion without an evidentiary hearing.  See Wolfe v. United States, 894 F.

_____

[1]The Honorable Paul A. Magnuson, Chief Judge, United States
District Court for the District of Minnesota.

Supp. 1310 (D. Minn. 1995). Wolfe filed a motion for reconsideration, reiterating his double jeopardy and ineffective assistance claims, and raising a challenge to 21 U.S.C. §§ 841(a)(1) and 846 under United States v. Lopez, 115 S. Ct. 1624 (1995). The district court denied this motion also.

As Wolfe's section 2255 motion was denied without an evidentiary hearing, the district court should be affirmed only if the motion, files, and record conclusively show Wolfe was not entitled to relief. See United States v. Duke, 50 F.3d 571, 576 (8th Cir.), cert. denied, 116 S. Ct. 224 (1995). After reviewing the record, we conclude the district court did not abuse its discretion in declining to hold an evidentiary hearing on Wolfe's motion. See Engelen v. United States, 68 F.3d 238, 240-41 (8th Cir. 1995) (standard of review).

Wolfe's double jeopardy claim is foreclosed by the Supreme Court's recent holding in United States v. Ursery, Nos. 95-345 & 95-346, 1996 WL 340815, at *14-*16 (U.S. June 24, 1996) (civil in rem forfeitures pursuant to 21 U.S.C. §§ 881(a)(6) & (a)(7) are not "punishment" for purposes of Double Jeopardy Clause). Accordingly, Wolfe's ineffective assistance claims based on this issue must fail. After reviewing the record, we agree with the district court that the other ineffective assistance claims Wolfe renews on appeal are also meritless.

Finally, the district court did not abuse its discretion in denying Wolfe's motion for reconsideration of the court's prior rulings on the ineffective assistance and double jeopardy claims, see Sanders v. Clemco Indus., 862 F.2d 161, 169 (8th Cir. 1988) (standard of review), and Wolfe's Lopez challenge is foreclosed by our decision in United States v. Brown, 72 F.3d 96, 97 (8th Cir. 1995) (per curiam) (21 U.S.C. § 841(a)(1) is valid exercise of Congress's Commerce Clause power), cert. denied, 1996 WL 164154 (U.S. July 1, 1996) (No. 95-8470).

Accordingly, the judgment is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.