101 F.3d 706
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alejandro PACHECO-CHONG, Defendant-Appellant.
 No. 95-50105.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 14, 1996.*
Decided Nov. 14, 1996.
 
 Before: CHOY, SNEED, and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Alejandro Pacheco-Chong appeals from his conviction on two counts of distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1), arguing that despite the terms of his plea agreement he has not waived his right to appeal whether section 841(a)(1) is a constitutional exercise of Congress' Commerce Clause power. We agree that Pacheco-Chong has not waived his right to appeal, but reject his claim that Congress had no authority under the Commerce Clause to enact 21 U.S.C. § 841(a)(1).
 
 
 3
 Pacheco-Chong was arrested with several other co-defendants pursuant to an undercover operation in which the government sought to purchase large quantities of methamphetamine. Pacheco-Chong had distributed or helped to distribute methamphetamine to an undercover agent on two occasions, and possessed quantities of methamphetamine and chemicals with the others named in the indictment on two other occasions. An indictment was filed wherein Pacheco-Chong was charged with seven counts, of which he subsequently pled guilty to two separate and distinct charges of distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1).
 
 A. Waiver of Appeal
 
 4
 The government contends that Pacheco-Chong knowingly and voluntarily waived his right to appeal by agreeing to a plea agreement containing an explicit waiver of the right to appeal. Generally, there is no constitutional right to an appeal; the right is purely statutory. Abney v. United States, 431 U.S. 651, 656 (1977); United States v. Bollinger, 940 F.2d 478, 479 (9th Cir.1991). However, claims that bear on the very power of government to bring a defendant into court cannot be waived. Blackledge v. Perry, 417 U.S. 21, 29-30 (1974). Further, a claim that a statute is unconstitutional is a jurisdictional claim that may be raised even though a defendant has pled guilty. Chambers v. United States, 22 F.3d 939, 946 (9th Cir.1994). Therefore, as Pacheco-Chong contests the constitutionality of 21 U.S.C. § 841(a)(1), he has not waived his right to appeal despite his guilty plea.
 
 
 5
 B. The Constitutionality of 21 U.S.C. § 841(a)(1) Under the Commerce Clause.
 
 
 6
 Among the various arguments offered by Pacheco-Chong, he asserts: (1) that the drug trafficking proscribed by section 841(a)(1) is sufficiently analogous to the statute in United States v. Lopez, 115 S.Ct. 1624 (1995), to warrant a similar holding in this case; and (2) the Lopez requirement that a regulated activity have a "substantial affect" on interstate commerce renders section 841(a)(1) unconstitutional because it has been upheld only by pre-Lopez cases not employing the more stringent "substantial effect" standard. We are not persuaded by these arguments.
 
 
 7
 This court recently distinguished section 841(a)(1) from the statute in Lopez (possession of a firearm within a school zone) finding that the section 841(a)(1) proscription of "drug trafficking" is a commercial enterprise or activity. See United States v. Tisor, No. 95-30343, slip op. 11949 (9th Cir. September 6, 1996); see also Lopez, 115 S.Ct. at 1630-31. In Tisor, decided after Lopez, we made clear that section 841(a)(1) is within Congress' Commerce Clause power because the manufacture, distribution, and possession of methamphetamine have a substantial and direct effect upon interstate commerce. Id. at 11942, 46 (citations omitted). The court adopted the reasoning of the Eighth Circuit in explaining:
 
 
 8
 "We note that intrastate drug activity affects interstate commerce ... [and] that Congress may regulate both interstate and intrastate drug trafficking under the commerce clause, ... and that section 841(a)(1) is a valid exercise of Congress's Commerce Clause Power...."
 
 
 9
 Id. at 11948 (quoting United States v. Brown, 72 F.3d 96 (8th Cir.1995), cert. denied, 116 S.Ct. 2581 (1996)). Tisor continued, finding that:
 
 
 10
 Intrastate distribution and sale of methamphetamine are commercial activities. The challenged laws are part of a wider regulatory scheme criminalizing interstate and intrastate commerce in drugs.... Accordingly, we hold that the Controlled Substances Act does not exceed congressional authority under the Commerce Clause.
 
 
 11
 Tisor, No. 95-30343, slip op. at 11949.
 
 
 12
 Prior to Tisor and Lopez, we have held that Congress could regulate intrastate criminal manufacture of controlled substances and that such activities are within a class of activities adversely affecting interstate commerce. United States v. Visman, 919 F.2d 1390, 1392-93 (9th Cir.1990), cert. denied, 502 U.S. 969 (1991). Tisor simply clarifies and confirms our position that section 841(a)(1) is constitutional.[1]
 
 
 13
 For the foregoing reasons, we AFFIRM.
 
 
 
 *
 This case is appropriate for submission on the briefs and without oral argument per Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 As highlighted in Tisor, the Gun-Free School Zones Act of 1990 at issue in Lopez is distinguishable from section 841(a)(1) because the Act in Lopez did not have any congressional findings supporting the effect guns have on interstate commerce. Tisor, No. 95-30343, slip op. at 11947
 In contrast, the congressional findings supporting the effect of drug trafficking on interstate commerce read in pertinent part:
 (4) Local distribution and possession of controlled substances contribute to swelling the interstate traffic in such substances.
 * * *
 (6) Federal control of the intrastate incidents of the traffic in controlled substances is essential to the effective control of the interstate incidents of such traffic.
 21 U.S.C. § 801(4) & (6).