USCA1 Opinion

 

 [NOT FOR PUBLICATION]  United States Court of Appeals For the First Circuit ____________________ No. 95-2332 UNITED STATES OF AMERICA, Appellee, v. STANLEY PROU, Defendant, Appellant. ____________________ No. 95-2333 UNITED STATES OF AMERICA, Appellee, v. RAHEAM JOHNSON, Defendant, Appellant. ____________________ APPEALS FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Raymond J. Pettine, Senior U.S. District Judge] __________________________ ____________________ Before Torruella, Chief Judge, ___________ Coffin and Campbell, Senior Circuit Judges. _____________________ ____________________ Wayne R. Foote for appellant Prou. ______________ Bruce A. Jordan for appellant Johnson. _______________ Margaret E. Curran, Assistant United States Attorney, with ___________________ whom Sheldon Whitehouse, United States Attorney, and Stephanie S. __________________ ____________ Browne, Assistant United States Attorney, were on brief for ______ appellee. ____________________ November 20, 1996 ___________________ Per curiam. Codefendants Stanley Prou and Raheam Johnson __________ seek reversal of their drug trafficking convictions on various grounds. We find none of their claims to be meritorious, and therefore affirm. The facts, briefly stated and viewed in the light most favorable to the government, are as follows. Prou and Johnson were arrested on April 3, 1995 while meeting with an undercover agent, Rocha, for the purpose of purchasing cocaine. The defendants had been in frequent contact with Rocha since late February, when an informant arranged a meeting between them on the premise that Rocha was a large-scale cocaine dealer. Testimony showed that the defendants had planned to receive eight kilograms of cocaine on the day of their arrest: two and one-half for cash, two and one-half on consignment, and three for free, as a reward for providing information to Rocha. When the agent and the defendants met, both defendants were armed and Johnson was carrying a bag of cash that contained about half of the money needed for the purchase. The arrests occurred shortly after Rocha questioned Johnson about the amount of cash and shortly before the drug exchange was supposed to occur. Both defendants argue that the district court erred in failing to define the term "distribution" as part of its instructions on the drug trafficking counts.1 Neither defendant  ____________________ 1 Count I charged the defendants with conspiring to distribute and possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. 841(a) and 846. Count II charged them with aiding and abetting an attempt to possess with intent to distribute five kilograms or more of -3- timely objected to this omission at trial, however, and we therefore may review only for plain error. It is apparent that no such error occurred. Not only was the jury fully capable of understanding the concept of "distribution" in this context, but the evidence and remaining instructions negate any possibility of prejudicial misunderstanding. We particularly note that the testimony established that defendants sought to obtain at least some cocaine from Rocha on consignment, i.e., with a promise to ____ pay from the proceeds obtaining by selling it. Thus, "distribution" was an integral part of the scheme set up by the defendants. Prou additionally argues that the court committed plain error by failing to give an aiding and abetting instruction as to him on Count II, which charged the defendants with the attempted possession of cocaine with intent to distribute. This claim is wholly without merit. Lacking an aiding and abetting instruction, the jury was left with the option of finding that Prou either was guilty as a principal or not guilty at all. Thus, omission of the aiding and abetting instruction -- which would have permitted conviction based on a less central role in the transaction -- arguably worked to Prou's benefit. The jury's  ____________________ cocaine, in violation of 21 U.S.C. 841(a) and 846, and 18 U.S.C. 2. Counts III, IV and V related to possession and use of firearms. -4- determination that he was culpable as a principal disposes of this claim.2 Finally, we reject Prou's pro se challenge, based on the Supreme Court's decision in United States v. Lopez, 115 S. Ct. ______________ _____ 1624 (1995), to the constitutionality of the drug trafficking statutes under which he was convicted. See United States v. ___ ______________ Zorrilla, 93 F.3d 7, 8-9 (1st Cir. 1996); United States v. ________ ______________ Lerebours, 87 F.3d 582, 584-85 (1st Cir. 1996). _________ Affirmed. ________  ____________________ 2 To the extent that Prou's complaint is that the court failed to instruct the jury that he could not be convicted based on his "mere presence" at the meeting with Rocha, it is no more potent. He failed to ask for such an instruction and the evidence overwhelmingly belied that defense.  -5-