**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                     No. 98-4359

JUAN BENITO GARCIA,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at New Bern.
James C. Fox, District Judge.
(CR-97-13)

Submitted: January 29, 1999

Decided: March 9, 1999

Before WIDENER, ERVIN, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Robert John McAfee, MCCOTTER & MCAFEE, P.L.L.C., New
Bern, North Carolina, for Appellant. Janice McKenzie Cole, United
States Attorney, Anne M. Hayes, Assistant United States Attorney,
Yvonne V. Watford-McKinney, Assistant United States Attorney,
Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Juan Benito Garcia was convicted by a jury of conspiracy to possess with intent to distribute and to distribute marijuana, and aiding and abetting distribution of marijuana, for which he was sentenced to concurrent terms of 78 months and 60 months imprisonment, respectively. Garcia appeals, claiming that the district court erred by: (1) denying his motions for judgment of acquittal as to both counts; (2) admitting testimony and tape-recorded conversations of a co-conspirator; (3) admitting hearsay evidence at his sentencing hearing; and (4) denying him a two-point reduction for having a minor role in the offense. See U.S. Sentencing Guidelines Manual § 3B1.2 (1997). Finding each of these claims without merit, we affirm Garcia's convictions and sentence.

Garcia was indicted in May 1997 in a three-count indictment charging him with: (1) conspiracy to possess with intent to distribute and to distribute marijuana, 21 U.S.C. §§ 841, 846 (1994); (2) distribution of marijuana and aiding and abetting, 21 U.S.C. § 841(a)(1) (1994), 18 U.S.C. § 2 (1994); and (3) interstate travel in aid of unlawful activity, 18 U.S.C. § 1952 (1994). At his trial, the Government offered the testimony of Barton Greene, an unindicted co-conspirator, who testified regarding Garcia's involvement with Felix Maldonado, a co-defendant. According to Greene, Maldonado acted as Greene's marijuana supply source on several occasions between 1992 and 1994. Greene stated that Maldonado referred to a cousin named "Benny" as his source and that he had seen Benny with Maldonado many times at social gatherings.

On December 14, 1996, Greene participated in a controlled purchase of 36.8 pounds of marijuana from Maldonado. When they met at the designated location, Garcia was driving Maldonado's car; Maldonado was a passenger. Both were subsequently arrested. Criminal

2

record checks revealed that Garcia's aliases included "Benny," "Juan Benito," and "Juan Benito Garcia."

Garcia claims, first, that the district court erred in denying his motion for judgment of acquittal as to the conspiracy count because the evidence of his joining the conspiracy was insufficient to sustain the conviction. We review the denial of a Fed. R. Crim. P. 29 motion under a sufficiency of the evidence standard.

See United States v. Brooks, 957 F.2d 1138, 1147 (4th Cir. 1992). To sustain the conviction, the evidence, when viewed in the light most favorable to the government, must be sufficient for a rational trier of fact to have found the essential elements of the crime beyond a reasonable doubt. See Glasser v. United States , 315 U.S. 60, 80 (1942). In making this assessment, the government is entitled to all reasonable inferences from the facts established to those sought to be established. See United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982).

"To sustain [a] conspiracy conviction, there need only be a showing that [the] defendant knew of the conspiracy's purpose and some action indicating his participation." United States v. Collazo, 732 F.2d 1200, 1205 (4th Cir. 1984). Once it has been shown that a conspiracy exists, the evidence need only establish a slight connection between the defendant and the conspiracy to support the conviction. See United States v. Seni, 662 F.2d 277, 285 n.7 (4th Cir. 1981). Moreover, a defendant may be convicted of conspiracy even though he willfully joined in the plan on only one occasion, so long as he did so with an understanding of the unlawful nature of the agreement. See United States v. Roberts, 881 F.2d 95, 101 (4th Cir. 1989). A defendant need not have had knowledge of his co-conspirators, see Blumenthal v. United States, 332 U.S. 539, 557 (1947); United States v. Burman, 584 F.2d 1354, 1356 (4th Cir. 1978), or knowledge of the details of the conspiracy, see Blumenthal, 332 U.S. at 557; Roberts, 881 F.2d at 101. Finally, the testimony of a defendant's accomplices, standing alone and uncorroborated, can provide an adequate basis for conviction. See United States v. Burns, 990 F.2d 1426, 1439 (4th Cir. 1993).

Here, Garcia was identified as Maldonado's marijuana supply source. Greene testified that Garcia was with Maldonado in Novem-

3

ber 1996 when Greene and Maldonado discussed a planned sale of marijuana to Greene. And, Garcia was driving the vehicle at the pre-arranged meeting place for the controlled purchase the following month. We find this evidence sufficient to support the conspiracy conviction.

Next, Garcia contends that, because the district court dismissed Count III of the indictment (interstate travel in aid of unlawful activity), he should have been acquitted of Count II (distribution of marijuana and aiding and abetting) because there was insufficient proof that the marijuana had traveled in interstate commerce. However, Congress has the power, through the Commerce Clause, to criminalize intrastate possession, distribution, and sale of controlled substances. See United States v. Leshuk, 65 F.3d 1105, 1112 (4th Cir. 1995). Accord United States v. Patterson, 140 F.3d 767, 772 (8th Cir.), cert. denied, ___ U.S. ___, 67 U.S.L.W. 3237 (U.S. Oct. 5, 1998) (No. 98-5483); United States v. Edwards , 98 F.3d 1364, 1369 (D.C. Cir. 1996), cert. denied, ___ U.S. ___, 65 U.S.L.W. 3687, 3692 (U.S. Apr. 14, 1997) (No. 96-1492) United States v. Kim, 94 F.3d 1247, 1249 (9th Cir. 1996); United States v. Tucker, 90 F.3d 1135, 1140 (6th Cir. 1996); United States v. Rogers , 89 F.3d 1326, 1338 (7th Cir.), cert. denied, ___ U.S. ___, 65 U.S.L.W. 3369 (U.S. Nov. 18, 1996) (No. 96-6365); United States v. Lerebours, 87 F.3d 582, 584-85 (1st Cir. 1996), cert. denied, ___ U.S. ___, 65 U.S.L.W. 3465 (U.S. Jan. 6, 1997) (No. 96-6075); United States v. Wacker, 72 F.3d 1453, 1475 (10th Cir. 1995).

Next, Garcia claims that the district court erred in admitting Greene's testimony regarding statements made to him by Maldonado implicating Garcia.

Specifically, Garcia alleges that the statements should not have been admitted under Fed. R. Evid. 801(d)(2)(E) because Greene was acting as a police informant and had solicited the statements from Maldonado.

We review the district court's evidentiary rulings for an abuse of discretion. See United States v. Brooks, 111 F.3d at 371. Rule 801(d)(2)(E) permits the admission of co-conspirator statements if the government can prove, by a preponderance of the evidence, that the

4

statements were made in furtherance of and during the course of the conspiracy. See United States v. Neal, 78 F.3d 901, 904-05 (4th Cir. 1996); United States v. Blevins, 960 F.2d 1252, 1255 (4th Cir. 1992). Because Maldonado's statements were made during the course of and in furtherance of the conspiracy to sell marijuana to Greene, the statements fall within the hearsay exception under Rule 801(d)(2)(E), notwithstanding the fact that Greene had withdrawn from the conspiracy and begun cooperating with police. See Neal, 78 F.3d at 905 (holding that co-coconspirator's incriminating statements to a government informant were admissible under Rule 801(d)(2)(E)).

Garcia also claims that the district court should have excluded tape-recorded conversations between Greene and Maldonado because they were cumulative of Greene's in-court testimony and confused the jury. See Fed. R. Evid. 403. Greene testified that all but one of the telephone conversations he had with Maldonado were tape-recorded and summarized the content of those conversations. The tapes were then played for the jury. We find that the tapes were neither cumulative of Greene's testimony nor confusing to the jury such that they should have been excluded under Rule 403.

Next, Garcia challenges the district court's reliance, at sentencing, on hearsay statements made by Robert Maldonado in attributing 148 pounds of marijuana to him. In determining facts relevant to sentencing, district courts are not limited to consideration of evidence which would be admissible at trial. See 18 U.S.C.§ 3661 (1994). Section 6A1.3(a) of the Guidelines, which provides that otherwise inadmissible evidence may be considered so long as the information contains "sufficient indicia of reliability to support its probable accuracy," does not restrict the court's ability to consider reliable hearsay. See United States v. Bowman, 926 F.2d 380, 381 (4th Cir. 1991) (finding reliable uncorroborated testimony of confidential informant). See also United States v. Uwaeme, 975 F.2d 1016, 1019 (4th Cir. 1992) ("[F]or sentencing purposes, hearsay alone can provide sufficiently reliable evidence of quantity" of drugs attributable to a defendant). The sentencing court may even consider uncorroborated hearsay, so long as the defendant is provided an opportunity to rebut or explain it. See United States v. Falesbork, 5 F.3d 715, 722 (4th Cir. 1993).

Here, the Government presented the testimony of Sergeant David Gonzalez that Maldonado had named Garcia as his primary source of

5

marijuana during a post-arrest interview in 1994. Maldonado also told Gonzalez that he had obtained a total of 148 pounds of marijuana from Garcia. At Garcia's sentencing hearing, Maldonado denied that Garcia was his source and denied transporting the marijuana attributed to him in his own presentence report. Nevertheless, the district court adopted the facts presented in the presentence report. We find that Gonzalez' testimony had a "minimal indicia of reliability" and, because Garcia was given the opportunity to rebut the evidence, the district court did not err in admitting his testimony.

Finally, Garcia claims that the district court improperly denied him a two-level reduction for having a minor role in the offense. See U.S. Sentencing Guidelines Manual § 3B1.2 (1997). We review a district court's factual determination of a defendant's role in an offense for clear error. See United States v. Perkins, 108 F.3d 512, 518 (4th Cir. 1997). A defendant's role in the offense is determined by the entirety of his relevant conduct, not simply by actions encompassed by the count of conviction. See United States v. Fells , 920 F.2d 1179, 1184 (4th Cir. 1990). A reduction for "minor" participants is "intended to cover defendants who are plainly among the least culpable of those involved." See USSG § 3B1.2, comment. (n.1). In determining whether a defendant had a minor or minimal role in the offense "the critical inquiry is . . . not just whether the defendant has done fewer `bad acts' than his codefendants, but whether the defendant's conduct is material or essential to committing the offense." United States v. Palinkas, 938 F.2d 456, 460 (4th Cir. 1991), vacated, 503 U.S. 931 (1992), reinstated, 977 F.2d 905 (4th Cir. 1992). Garcia fails to establish that his actions within the conspiracy made him less culpable than his other co-conspirators. Thus, the district court's decision to refuse the adjustment was not clearly erroneous.

Accordingly, we affirm Garcia's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED